**Keith FARRELL, William Murray and Richard Richardson, Plaintiffs–Appellants,**

**v.**

**AUTOMOBILE CLUB OF MICHIGAN, Defendant–Appellee.**

**No. 88–1042.**

United States Court of Appeals, Sixth Circuit.

Argued Dec. 8, 1988.

Decided March 28, 1989.

Before MERRITT and GUY, Circuit Judges; and JOHNSTONE, District Judge.[*]

MERRITT, Circuit Judge.

The issue in this ERISA and state age discrimination case is whether the District Court properly dismissed plaintiffs' ERISA claim as time barred on the grounds that (1) the plaintiffs had actual knowledge of the ERISA violation more than three years before the action was filed and (2) that the plaintiffs' previous filing of the action in the Michigan state court did not toll the applicable statute of limitations because the Michigan state court "clearly lacked jurisdiction" over the ERISA claim. Plaintiffs also challenge the refusal of the District Court to assert pendent jurisdiction over their remaining state age discrimination claims. Because we believe that the Michigan court did not clearly lack jurisdiction over plaintiffs' ERISA claim and that the ERISA statute of limitations was tolled during the pendency of the state action, we reverse the District Court's ruling that plaintiffs' ERISA claim is time-barred and remand the cause to the District Court for further proceedings. We affirm, however, the District Court's refusal to assert pendent jurisdiction over the remaining state claims.

I.

Each of the three plaintiffs, Keith Farrell, William Murray and Richard Richardson, were long-term management employees of defendant, Automobile Club of Michigan. Each accepted a special early retirement package offered by defendant to employees over 55 years of age between July 1 and December 30, 1980. Each claims he was induced to retire by defendant's misrepresentations that the package was financially advantageous compared to the regular retirement plan.

Plaintiffs filed suit in Michigan state court on August 30, 1983, alleging in Count I, state law fraud and deceit and breach of

Gary A. Colbert (argued), Southfield, Mich., for plaintiffs-appellants.

Gary R. Chopp, William G. Jamieson (argued), Southfield, Mich., Michael B. Haber, Dearborn, Mich., for defendant-appellee.

[*] The Honorable Edward H. Johnstone, United States District Judge for the Western District of Kentucky, sitting by designation.

employment contract and in Count II, state age discrimination. On October 24, 1985, over two years later, defendants moved for summary judgment claiming, *inter alia,* that plaintiffs' state law claim in Count I was preempted by ERISA.

Before the state court ruled on the summary judgment motion, plaintiffs, on August 22, 1986, filed an almost identical complaint against the defendant in federal district court alleging in Count I violation of ERISA, in Count II breach of an employment contract, and in Count III state age discrimination. Defendant moved for summary judgment and/or dismissal on all three counts alleging plaintiffs' ERISA claim was time-barred and that the court should not exercise pendent jurisdiction over the remaining state law claims.

On January 21, 1987 the state court ruled, *inter alia,* that plaintiffs' state law breach of employment contract and fraud and deceit claims were, in essence, claims regarding administration of an employee benefit plan and were, therefore, preempted by ERISA. The state court, however, failed to reach the last step in the analysis —whether jurisdiction over plaintiffs' particular claims was exclusively federal or concurrent. Instead, the state court dismissed the breach of contract and fraud and deceit claim on the basis that it was preempted by ERISA.

The state court also dismissed a portion of plaintiffs' age discrimination claim. The remaining state age discrimination claim is still pending before the state court. Plaintiffs did not, however, take an interlocutory appeal on the preemption question. The state court decision on this issue is, therefore, not final.

On December 17, 1988 the District Court ruled that plaintiffs had actual knowledge of their ERISA claim as early as 1982, that plaintiffs' federal action was filed outside the ERISA three year statute of limitations and that the previous filing in the Michigan state court did not toll the statute of limitations. The District Court, therefore, dismissed plaintiffs' ERISA claim as time-barred. The District Court also declined to exercise pendent jurisdiction over plain-

tiffs' remaining state claims finding that a federal question was no longer presented and that plaintiffs' identical state claims should not be allowed to proceed simultaneously in both a federal and state forum.

## II.

█ Both parties agree that actions for violation of ERISA may not be brought after the earlier of (1) six years after the date of the last action which constituted the breach or violation; or (2) three years after the earliest date on which plaintiff had actual knowledge of the breach or violation; or (3) three years after the earliest date on which a report from which the plaintiff could reasonably be expected to have learned of the breach or violation was filed with the Secretary. 29 U.S.C. § 1113(a). Where fraud or concealment of the breach is involved, an action must be brought within six years of the date of discovery of the breach or violation. *Id.*

The defendant offers evidence that all three plaintiffs had actual knowledge of the violation or breach more than three years before the filing of their federal action. Specifically, the defendant points to the depositions of all three plaintiffs in which each acknowledges meeting with at least one other in late 1981 or early 1982 to review documents which allegedly prove their claim. The defendant also points to plaintiffs' Michigan complaint, filed August 30, 1983, almost three years before the filing of the federal complaint, as indicative of plaintiffs' actual knowledge.

Plaintiffs, on the other hand, contend, in affidavits offered in opposition to defendant's motion for summary judgment, that they had no actual knowledge until September, 1987, when their attorney gave his opinion on the strength of their claim. Plaintiffs claim these affidavits show that there is a genuine issue of material fact which precluded summary judgment by the District Court.

The District Court, relying on plaintiffs' deposition testimony, ruled that plaintiffs had actual knowledge of the breach no later than early 1982 and that their 1986

federal action was filed beyond the limitations period. The court disregarded the plaintiffs' affidavits as self-serving attempts to create a sham issue of fact.

We agree with the District Court—there was no genuine issue of fact as to plaintiffs' actual knowledge of the breach. Indeed, as the Second Circuit stated in *Perma Research & Development Co. v. The Singer Co.*, 410 F.2d 572, 578 (2d Cir.1969), and this Court adopted in *Biechele v. Cedar Point, Inc.*, 747 F.2d 209, 215 (6th Cir.1984):

> If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact.

### III.

Our inquiry, however, does not stop there. Plaintiffs assert that even if their action was filed outside the applicable statute of limitations, the statute of limitations was tolled by the filing of the state court action. As authority for this proposition, plaintiffs cite *Burnett v. New York Central Railroad Co.*, 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1964). In *Burnett*, the plaintiff filed his FELA action in federal court after his state FELA action was dismissed for improper venue. The state action was filed within the three year time bar; the federal action was not. The Court held that where a timely FELA action is begun in a state court having jurisdiction, the defendant is served with process and the case is dismissed for improper venue, the FELA statute of limitations is tolled during the pendency of the state suit and until the state court dismissal becomes final. *Id.* Such tolling, the Court reasoned, was fair to both plaintiff and defendant, carried out the policies of FELA and best served the policies of uniformity and cer-

tainty in applying the FELA limitations provision. *Id.* at 436, 85 S.Ct. at 1058.

The District Court rejected this argument, however. Construing plaintiffs' claim as one "for breach of fiduciary duty" and reasoning that pursuant to 29 U.S.C. § 1132(e)(1),[1] federal courts have exclusive jurisdiction over ERISA breach of fiduciary duty actions, the District Court held that the statute of limitations was not tolled because the state action was filed in a court which "clearly lacked jurisdiction." As principal authority for this proposition, the District Court cites the following two cases: *Silverberg v. Thompson McKinnon Securities, Inc.*, 787 F.2d 1079, 1082 (6th Cir.1986) (Securities Exchange Act statute of limitations not tolled by filing of action in state court because federal jurisdiction exclusive); *Fox v. Eaton Corp.*, 615 F.2d 716, 718–720 (6th Cir.1980), *cert. denied*, 450 U.S. 935, 101 S.Ct. 1401, 67 L.Ed.2d 371 (1981) (90 day Title VII limitations period tolled by filing action in state court which plaintiff reasonably believes has subject matter jurisdiction).

In *Silverberg*, the plaintiffs filed a complaint in Ohio state court alleging, *inter alia*, violations of the Securities Exchange Act, a claim over which federal courts have exclusive jurisdiction. This complaint was dismissed for lack of jurisdiction. While their appeal was pending, but after the statute of limitations on the Securities Exchange Act violation claim, plaintiffs filed a nearly identical complaint in federal court. This Court refused to equitably toll the statute of limitations holding that the "commencement of an action in a clearly inappropriate forum does not equitably toll the statute of limitations." 787 F.2d at 1082.

In *Fox*, an employment discrimination case, plaintiff first brought an action in Ohio state court claiming breach of the collective bargaining agreement. 615 F.2d at 717. She later, pursuant to a stipulation by all parties of jurisdiction, amended her

---

1. 29 U.S.C. § 1132(e)(1) provides in pertinent part:

    Except for actions under subsection (a)(1)(B) ..., the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter.... State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section.

complaint to include a Title VII employment discrimination claim. *Id.* On appeal the Ohio Supreme Court held, *sua sponte,* that state courts lack jurisdiction over Title VII actions and dismissed the Title VII claim for lack of jurisdiction. *Id.* Plaintiff, therefore, refiled her Title VII claim in District Court. *Id.*

The District Court dismissed the action reasoning that plaintiff had not commenced her suit within 90 days of the receipt of a right to sue letter and that the 90 day filing requirement was jurisdictional and could not be tolled. *Id.* at 718. This Court, recognizing that generally, the filing of an action in a court that clearly lacks jurisdiction will not toll the statute of limitations, held that tolling was appropriate. *Id.* at 718 and 720. This Court reasoned that in this case, lack of jurisdiction was far from clear and that tolling was consistent with the Supreme Court's rationale in *Burnett, supra.*

The critical issue, therefore, becomes whether the Michigan state court clearly lacked jurisdiction over plaintiffs' ERISA claim. If it did, the District Court's argument is persuasive. If it did not, however, the doctrine of equitable tolling may apply.

The ERISA jurisdiction clause, 29 U.S.C. § 1132(e)(1),[2] provides in pertinent part that jurisdiction of actions brought under § 1132(a)(1)(B)[3] is concurrent between state and federal courts. All other actions must be brought exclusively in federal courts. *Id.* The Michigan court had jurisdiction over plaintiffs' ERISA complaint, therefore, only if it was brought under § 1132(a)(1)(B).

Plaintiffs' Michigan complaint alleges in pertinent part as follows:

(17) The conduct and representations undertaken as described herein and foregoing constitute fraudulent conduct by Defendant and serious breaches of Defendant's fiduciary duty to each Plaintiff as pertains to the subject of retirement and pensions.

(18) The retirement and pension benefit information given by Defendant to each plaintiff was false, and the benefits made available to and/or paid to each Plaintiff was insufficient ... and the true retirement benefits ... were substantially greater than those claimed by defendant....

(21) As a direct and proximate result of the ... misconduct of the Defendant, ... each Plaintiff has suffered ... loss of employment benefits....

WHEREFORE, Plaintiffs pray that full compensation ... be made, including the value of all benefits, [and] future pay and benefits....

Plaintiffs' claim can be construed as arising under at least two different ERISA provisions, although, as we shall see, § 1132(a)(1)(B) seems the most appropriate. The language in paragraph 17 of plaintiffs' complaint, claiming "serious breaches of defendant's fiduciary duty" could be construed as an exclusively federal claim arising under 29 U.S.C. § 1109,[4] outlining liability for breach of fiduciary duty. But there is a serious flaw in this reasoning. Section 1109 authorizes relief only to the plan itself, not to individual beneficiaries. *See Massachusetts Mutual Life Insurance Co. v. Russell,* 473 U.S. 134, 140, 105 S.Ct. 3085, 3089, 87 L.Ed.2d 96 (1985) (§ 1109 does not provide a cause of action for extra-contractual damages to a beneficiary caused by improper or untimely processing of benefit claims because § 1109 relief inures to the benefit only of the plan itself not an individual beneficiary). Plaintiffs'

---

**2.** *See* note 1, *supra.*

**3.** 29 U.S.C. § 1132(a)(1)(B) provides in pertinent part:
A civil action may be brought—by a participant or beneficiary ... to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan....

**4.** 29 U.S.C. § 1109 provides in pertinent part:

Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary....

request for relief, however, is for themselves as individual beneficiaries, not for the plan as a whole.

██ Alternatively, plaintiffs' complaint could be construed as a § 1132(a)(1)(B)[5] action to recover accrued benefits, a claim for which federal jurisdiction is concurrent with state court jurisdiction. This construction is supported by plaintiffs' prayer for individual relief in its state complaint and by plaintiffs' federal complaint which expressly requests § 1132(a)(1)(B) relief. The District Court's refusal to toll the statute of limitations on the ground that the state court "clearly lacked jurisdiction" is, therefore, erroneous.

Tolling is justified in this case for several reasons. First, as we have shown, the state court appears to have had jurisdiction over the claims of the individual plaintiffs under § 1132(a)(1)(B) of ERISA.

Second, as *Burnett, supra,* teaches, the primary purpose of statutes of limitations is to promote fairness to defendants by preventing prosecution of stale claims and the loss of relevant evidence and by encouraging diligence by plaintiffs. 380 U.S. at 428, 85 S.Ct. at 1054. *See also Morgan v. Washington Manufacturing Co.,* 660 F.2d 710, 712 (6th Cir.1981) (in the absence of prejudice to the defendant or a showing of bad faith or lack of diligence by a claimant, equitable considerations should toll the 180 day period for filing a complaint under Title VII when the claimant makes a timely filing with a federal agency). Where circumstances arise in which the plaintiff has been diligent and the defendant has been given adequate notice of the claim, "courts must be flexible to assure that the true purpose of the limitation is served." *Joseph v. Syrian Arab Airlines,* 88 F.R.D. 530, 532 (S.D.N.Y.1980).

It cannot be argued that it is not fair to require defendant to answer and defend in the case at bar. From the outset of the state court proceedings, defendant had notice of and knowledge of the nature of plaintiffs' claim and that the allegations contained therein gave rise to a cause of action under ERISA. Indeed, it was the defendant who moved for dismissal of the state claim on the ground that it was preempted by ERISA. Nor can it be argued that defendant was presented with a stale claim or deprived of an opportunity to preserve relevant evidence or that plaintiffs did not diligently pursue their claim.

Finally, *Burnett* instructs us to deny tolling when it would frustrate the purpose of the statutory scheme. In this case, tolling would serve rather than frustrate the broad remedial purpose of ERISA—protection of participants in private pension plans.

## IV.

██ Finally, plaintiffs contend that the District Court abused its discretion in refusing to assert pendent jurisdiction over plaintiffs' state law claims. Plaintiffs' argument is without merit. The District Court's decision was based not only on its view that there was no federal question presented but also on considerations of judicial economy. As the District Court pointed out, plaintiffs should not be allowed to pursue their state claims in two forums. Moreover, a Michigan forum is better suited to determine questions of Michigan law.

Based on the foregoing, we affirm the District Court's refusal to assert pendent jurisdiction over plaintiffs' state age discrimination claims, reverse the District Court's holding that plaintiffs' ERISA claim is time barred, and remand the cause for further proceedings consistent with this opinion.

---

**5.** *See* note 3, *supra.*