For the reasons set forth in the Court's memorandum of this date;

IT IS on this 17th day of December, 1990, hereby

ORDERED THAT the application of plaintiff Chase Manhattan Financial Services for the inclusion of the twelve foot Tortola dinghy and Mercury outboard engine as part of the equipment subject to its First Preferred Ship Mortgage is DENIED.

THAT Blaine Robertson is the rightful owner of the twelve foot Tortola dinghy.

THAT claimants William Hall, Sally Hall and Paradise Yacht Charters d/b/a Paradise Sailing Club are the rightful owners of the Mercury outboard engine.

THAT no further matters remain pending and this matter is hereby DISMISSED.

**Richard SHOFER, Plaintiff,**

v.

**The STUART HACK CO., et al., Defendants.**

**Civ. No. S 90–2729.**

United States District Court, D. Maryland.

Jan. 3, 1991.

are foreclosed from asserting that paragraph 6 includes commercial necessities.

**588**

Anthony P. Palaigos, Thomas Augustus Bowden, Blum, Yumkas, Mailman, Gutman & Denick, Baltimore, Md., for plaintiff.

Janet M. Truhe, Lee B. Zaben, Semmes, Bowen & Semmes, Baltimore, Md., for defendants.

## MEMORANDUM OPINION

SMALKIN, District Judge.

This ERISA case is before the Court on defendants' motion for summary judgment, on the ground of limitations, as well as their related motion for sanctions under FED.R.CIV.P. 11. The motions have been timely opposed, and no oral hearing appears necessary.

■ The plaintiff essentially concedes that his action against the defendants for fiduciary misfeasance on account of bad tax advice they gave relating to his benefit plan is barred *prima facie* by the ERISA statute of limitations, 29 U.S.C. § 1113. But, plaintiff argues, his cause of action survives the statutory bar because of the tolling effect of a suit on the same claims that plaintiff timely filed (both under the state statutes of limitations and ERISA's statute of limitations) in the Maryland state court, the dismissal of which precipitated the filing of the instant federal suit beyond the period of limitations. Plaintiff cites as authority for this proposition the ERISA case of *Farrell v. Automobile Club of Michigan*, 870 F.2d 1129 (6th Cir.1989).

*Farrell* appears to be the sole reported case dealing with tolling of limitations under ERISA on account of an earlier state court suit. In *Farrell*, the Sixth Circuit held that the earlier state suit tolled the ERISA statute in respect of a federal claim on the same facts, which was, like the one here, otherwise filed outside of the period of limitations under ERISA.

This Court is not necessarily persuaded by *Farrell*, as that case seems to extend the principle of tolling beyond the narrow scope of the seminal authority relied on therein, *viz., Burnett v. New York Central Railroad Co.*, 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1964). In any event, even assuming that the Fourth Circuit would adopt the *Farrell* rule in a case on all fours with *Farrell*, this is not that case. In fact, in this case, it is clear as a matter of law that the plaintiff's claims cannot be said to be cognizable within the concurrent jurisdiction provision of ERISA, 29 U.S.C. § 1132(a)(1)(B), but, rather, must be read as being cognizable only under the exclusive federal jurisdictional grant in 29 U.S.C. § 1132(e)(1). Thus, because the state court was plainly without jurisdiction here *ab initio*, the tolling principle arising from concurrence of jurisdiction, upon which the rules in *Burnett* and *Farrell* are based, can have no application here. *See* discussion in *Farrell*, 870 F.2d at 1132–34.

■ For the reasons stated, an order will be entered separately, granting summary judgment in favor of the defendants. That order will also deny their Rule 11 motion, because the existence of *Farrell*, predating the filing of the present suit, gives an arguable basis for an attorney to attempt a tolling argument, justifying the filing of this federal suit, whether or not that argument ultimately succeeds. Thus, the standards of Rule 11 were not violated.