UNITED STATES of America, for the Use and Benefit of SKIP KIRCHDORFER, INC., Plaintiff–Appellee,

v.

M.J. KELLEY CORPORATION, Defendant,

Richard J. Kelley and Joseph E. LoConti, Defendants–Appellants.

No. 92–3714.

United States Court of Appeals, Sixth Circuit.

Argued March 25, 1993.

Decided June 15, 1993.

James David Wilson, Walter, Haverfield, Buescher & Chockley, Cleveland, OH, Laurence J. Zielke (briefed), Charles F. Merz (argued), Pedley, Ross, Zielke, Gordinier & Porter, Louisville, KY, for plaintiff-appellee.

Joseph E. Rutigliano (argued and briefed), Scott H. Schooler (briefed), Rutigliano & Associates, Cleveland, OH, for defendants-appellants.

Before: RYAN and SUHRHEINRICH, Circuit Judges; and PECK, Senior Circuit Judge.

RYAN, Circuit Judge.

Sureties Richard J. Kelley and Joseph LoConti appeal from the district court's enforcement of an arbitrator's award against them in this Miller Act dispute arising from the breach of a government construction contract. Kelley and LoConti raise three issues:

1. Whether the district court erred in finding it had subject matter jurisdiction over this action under the doctrine of equitable tolling.

2. Whether the court erred in enforcing an arbitration judgment against Kelley and LoConti, who were not parties to the arbitration action involving the principal.

3. Whether the court erred in lifting a stay of a judgment against Kelley and LoConti.

Finding no error in the district court's disposition of these issues, we shall affirm.

## I.

This litigation arises from a subcontract for repairs made to the wharf area of the United States Navy installation at Guantanamo Bay, Cuba. The principal contract for improvements was between the federal government and M.J. Kelley Corporation, an Ohio corporation. The subcontract involved was between Kelley Corp., the general contractor, and Skip Kirchdorfer, Inc., a subcontractor.

The contract between Kelley Corp. and Kirchdorfer was a standard form contract developed by the American Institute of Architects. The contract contained, among other provisions, the following arbitration clause: "All claims, disputes and other matters in question arising out of, or relating to, this Contract, or the breach thereof, shall be decided by arbitration...."

As required by the Miller Act, see 40 U.S.C. § 270a, et seq., and the Department of the Navy, the Kelley Corp. put up a payment bond of $374,000 to insure availability of funds to pay Kirchdorfer and other contractors, and to guarantee the government that the contract would be performed. Two individuals, Richard Kelley and Joseph LoConti, then signed agreements in their individual capacities to be sureties on the bond. Kirchdorfer performed the construction work at Guantanamo Bay, as provided in the contract. The last day on which Kirchdorfer supplied labor or materials for the project was October 1, 1989. Thereafter, arguing that it was owed money by the Kelley Corp., Kirchdorfer sought payment of $44,620, which was refused. Kirchdorfer also sought payment from sureties Kelley and LoConti, who likewise refused.

Pursuant to the contract's arbitration clause, Kirchdorfer demanded arbitration of the payment disagreement. Kirchdorfer also filed suit in the United States District Court for the Western District of Kentucky. The district court dismissed that suit for lack of personal jurisdiction over Kelley Corp., finding that Kelley Corp. had insufficient contacts with the Western District of Kentucky.

Kirchdorfer filed a new action in the Northern District of Ohio, naming the Kelley Corp., Kelley, and LoConti as defendants. This action was stayed pending the outcome of the arbitration.

Kirchdorfer asked the American Arbitration Association (AAA) to arbitrate the dispute in Louisville, Kentucky. Kelley Corp. did not timely object to the Louisville location, and AAA set the date for arbitration, to be held in Louisville. The day before the arbitration was to take place, Kelley Corp. filed a motion in district court for a stay of the arbitration proceedings. The Ohio district court granted a stay. Kirchdorfer later filed a motion to lift the stay. The parties briefed the relevant issues, and the court granted Kirchdorfer's motion.

Three days before the arbitration proceeding, Kelley Corp. wrote to AAA stating:

[T]he M.J. Kelley Corporation consents to judgment against it in the [arbitration hearing].

The M.J. Kelley Corporation ceased operations shortly after completion of the project at Guantanamo Bay, has no funds and, thus, cannot pay for the transportation of witnesses, attorneys or attorney fees for the arbitration.

While the M.J. Kelley Corporation believes it has a valid defense against the claims of Skip Kirchdorfer, Inc., it is unable to present those defenses in this action.

In the arbitration proceedings, Kelley Corp. filed a response to Kirchdorfer's claim and brought a counterclaim. However, Kelley Corp. did not attend the arbitration proceeding or present testimony. After the hearing, however, it did present evidence to the arbitrator, which he considered. Apparently, neither Kelley nor LoConti, the individual sureties, attended the arbitration proceeding or presented evidence, although the Ohio district court later found that they were aware of the proceedings. The arbitrator eventually entered an award in favor of Kirchdorfer for $44,620.00, plus interest, fees, and expenses.

When the arbitration was concluded, Kirchdorfer filed a motion in the Ohio district court to reopen its previously-filed Miller Act lawsuit. It asked the court to enter an order directing Kelley Corp. and sureties Kelley and LoConti to pay Kirchdorfer in accordance with the arbitration award. The individual sureties made two arguments: (1) they contended the Miller Act action had not been commenced within the one-year statute of limitations; and (2) they argued that the arbitration award in favor of Kirchdorfer was not binding upon them since they were not parties to the arbitration. The district court rejected both arguments and ordered Kelley Corp. and the sureties to pay.

First, the court granted Kirchdorfer's motion to lift the stay of the arbitration award. Second, it concluded that it had subject matter jurisdiction over the dispute, because Kirchdorfer had complied with the one-year deadline for Miller Act actions by filing its action, in good faith, in the United States District Court in Kentucky, thus triggering the doctrine of equitable tolling. Finally, the court determined that sureties Kelley and LoConti were individually liable under the Miller Act for the arbitration award rendered against the corporate defendant, Kelley Corp.

Following entry of judgment, Kelley and LoConti timely appealed to this court. They also sought a stay of the judgment pending appeal, which a panel of this court denied.

Kelley and LoConti now challenge the district court's finding of jurisdiction, its order lifting the stay of the arbitration award, and its finding that the two were liable as sureties. Kelley Corp., the insolvent corporate defendant, is not a party to this appeal.

## II.

### A.

Kelley and LoConti argue that the district court erred in finding it had subject matter jurisdiction over this matter. They claim that since more than one year lapsed between October 1, 1989, the last time labor and materials were provided by Kirchdorfer, and September 9, 1991, the date this action was filed, the complaint was filed too late, thus depriving the district court of jurisdiction. Kelley and LoConti acknowledge that

Kirchdorfer filed suit in the Western District of Kentucky within the one-year period, but argue that this filing did not toll the statute. They urge this court to reverse the district court's finding of jurisdiction.

Kirchdorfer, in contrast, argues that the one-year limitation in the Miller Act was tolled when Kirchdorfer filed suit, in good faith, in the district court in Kentucky. Kirchdorfer urges this court to affirm the district court's finding of jurisdiction.

### B.

We review a district court's determination of subject matter jurisdiction de novo. *Greater Detroit Resource Recovery Auth. v. EPA,* 916 F.2d 317, 319 (6th Cir.1990).

The Miller Act provides, in relevant part:

> Every suit instituted under this section shall be brought ... in the United States District Court for any district in which the contract was to be performed and executed and not elsewhere, ... but no such suit shall be commenced after the expiration of one year after the day on which the last of the labor was performed or material was supplied by him.

40 U.S.C. § 270b(b). Thus, in an ordinary Miller Act case, the plaintiff must bring suit: (1) within one year of the date upon which labor was last performed or material last supplied, and (2) do so in the district court where the contract was performed. The unique facts presented by this appeal, however, make this Miller Act case far from ordinary.

First, the construction work in this case was performed outside the territory of the United States. Federal courts have uniformly held, however, that plaintiffs bringing Miller Act claims under such contracts are not barred from recovering merely because the contract is performed outside United States territory. *See, e.g., United States ex rel. Bryant Elec. Co. v. Aetna Casualty & Sur. Co.,* 297 F.2d 665, 669 (2d Cir.1962); *United States ex rel. Expedia, Inc. v. Altex Enter., Inc.,* 734 F.Supp. 972, 973 (M.D.Fla.1990); *United States ex rel. Bailey–Lewis–Williams of Florida, Inc. v. Peter Kiewit Sons Co.,* 195

F.Supp. 752, 755 (Dist.D.C.1961), *aff'd,* 299 F.2d 930 (D.C.Cir.1962).

Second, the Supreme Court has held that the Miller Act's section 270b(b) mandate, that suit be filed in the district "in which the contract was to be performed and executed," refers only to proper venue, not district court jurisdiction. *F.D. Rich Co. v. United States ex rel. Industrial Lumber Co.,* 417 U.S. 116, 125, 94 S.Ct. 2157, 2163, 40 L.Ed.2d 703 (1974). In other words, all federal district courts have jurisdiction over Miller Act claims, because they present a federal question. A given district court, however, may not be the proper venue for such a suit. Filing a Miller Act suit in a federal court where venue is improper provides the defendant with a venue defense, but does not deprive the court of jurisdiction.

The question that remains is whether filing a Miller Act claim in federal court, where venue is not proper, tolls the running of the one-year limitations period. Though the one year time limit in the Miller Act seems to contemplate strict adherence, several circuit courts have held that when a plaintiff technically fails to file suit within the one-year period, his action may nevertheless proceed if the tardy filing may be excused under the doctrine of equitable tolling. *See, e.g., United States ex rel. Bernard Lumber Co. v. Lanier–Gervais Corp.,* 896 F.2d 162, 164 (5th Cir.1990); *United States ex rel. Nelson v. Reliance Ins. Co.,* 436 F.2d 1366, 1370 (10th Cir.1971); *United States ex rel. Humble Oil & Ref. Co. v. Fidelity & Casualty Co.,* 402 F.2d 893, 897–900 (4th Cir.1968); *United States ex rel. E.E. Black, Ltd. v. Price–McNemar Constr. Co.,* 320 F.2d 663, 665–66 (9th Cir.1963).

This court and other courts have applied the doctrine of equitable tolling to a host of analogous situations where plaintiffs have failed to adhere, absolutely, to limitations periods. For example, in *Burnett v. New York Central Railroad Co.,* 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965), the Supreme Court held that where a plaintiff brought an action under the Federal Employers' Liability Act (FELA) in a state court with jurisdiction, but where venue was not

proper, "the FELA limitation [was] tolled during the pendency of the state suit." *Id.* at 434–35, 85 S.Ct. at 1058. FELA, unlike the Miller Act, provides for both state and federal jurisdiction.

*Farrell v. Automobile Club of Michigan,* 870 F.2d 1129 (6th Cir.1989), involved a claim under the Employee Retirement Income Security Act (ERISA). In *Farrell,* a complaint was filed in Michigan state court. The defendants moved for summary judgment on the ground that one of the state law claims was preempted by ERISA. Before the state court ruled on the motion, the plaintiff filed an almost identical complaint in federal court. The district court dismissed the ERISA claim as time-barred. On appeal, this court determined that the state court had concurrent jurisdiction over the ERISA claim, and since the plaintiff had thus filed in a court having subject matter jurisdiction, the filing of the state action tolled the ERISA statute of limitations. *Id.* at 1134.

*Farrell* suggests that Kirchdorfer's analogous filing in a court with proper subject matter jurisdiction—the district court in Kentucky—would also toll the statute of limitations for a Miller Act plaintiff.

This court has also applied the *Farrell* approach in a civil rights case. In *Fox v. Eaton Corp.,* 615 F.2d 716 (6th Cir.1980), *cert. denied,* 450 U.S. 935, 101 S.Ct. 1401, 67 L.Ed.2d 371 (1981), plaintiff originally brought her Title VII case in state court, and then belatedly in federal district court. This court held that tolling was appropriate, relying, in part, on the fact that lack of jurisdiction in the state system was far from clear.

Finally, in *Fogg v. Chemetron Corp.,* 652 F.2d 57 (6th Cir.1981) (unpublished decision), this court decided that an Age Discrimination in Employment Act (ADEA) plaintiff was also entitled to have a statute of limitations tolled. In *Fogg,* Fogg filed his consent to be a party plaintiff in a similar action brought against Chemetron in the Southern District of Texas. The Texas district court dismissed Fogg as a party plaintiff, finding that he was not similarly situated. Eleven months later, and well beyond ADEA's two year statute of limitations, Fogg filed suit in the Eastern District of Michigan. The district court granted Chemetron's motion for dismissal, holding that Fogg's participation in the Texas litigation had not tolled ADEA's statute of limitations. This court reversed, stating that "the statute of limitations applicable here should be tolled at least during the period from the date Fogg became a party to the litigation in Houston to the date that his case was dismissed." *Id.* at \*57. This court further noted that "such tolling of the statute of limitations results in [the] action being timely filed." *Id.*

This case strikes us as one particularly deserving of application of equitable tolling. The venue and jurisdictional principles governing Miller Act cases with overseas construction contracts are ill-defined and unsettled. In fact, there are only two published circuit court opinions that deal with such contracts. *Aetna Casualty,* 297 F.2d 665; *Kiewit Sons,* 195 F.Supp. 752. One of these is a one-paragraph per curiam opinion, and both opinions are over thirty years old. Moreover, a review of the record here convinces us that Kirchdorfer has zealously pursued its claim and its attempts to perfect its claims have been taken in good faith.

We affirm the district court's finding that subject matter jurisdiction existed because the Miller Act one year time limitation was tolled by Kirchdorfer's good faith filing in Kentucky district court.

### III.

#### A.

Kelley and LoConti next contend that the district court erred in entering judgment against them when they were not parties to the arbitration proceedings. They argue that as nonparties, they are not subject to the arbitrator's judgment. We are urged to reverse the district court's judgment.

On the other hand, Kirchdorfer contends that Kelley and LoConti, as sureties, are bound by the judgment against Kelley Corp. because they enjoyed privity with Kelley Corp., and because they had notice of the arbitration proceedings. Kirchdorfer points to several facts it believes demonstrates the

"intimate privity" between Kelley Corp. and Kelley and LoConti.

### B.

■ The district court's determination that Kelley and LoConti were bound by the arbitration proceedings is a legal conclusion we review de novo. *Cf. Pullman–Standard v. Swint*, 456 U.S. 273, 287–88, 102 S.Ct. 1781, 1789, 72 L.Ed.2d 66 (1982).

■ Applicable federal and state law both counsel that the district court did not err in finding Kelley and LoConti personally bound by the arbitration proceeding which they did not attend, but about which they had constructive, if not actual notice. A Ninth Circuit case, closely analogous, is instructive. In *United States ex rel. Aurora Painting, Inc. v. Firemen's Fund Ins. Co.*, 832 F.2d 1150, 1151 (9th Cir.1987), the court held that a surety on a Miller Act subcontract was bound by an arbitration decision later ratified by a state court, even though it "was not a named party in ... the arbitration and made no appearances."

. The same conclusion has been reached by the Fifth Circuit in another closely analogous case. *Frederick v. United States*, 386 F.2d 481, 485 n. 6 (5th Cir.1967). In *Frederick*, the court held that a judgment against a principal conclusively establishes the liability of a surety, as long as the surety had notice of the proceedings against the principal. *Id.* While they were not named, the sureties in this case had notice of the arbitration proceedings against the principal, Kelley Corp. Indeed, they were named as defendants in the district court complaint filed immediately prior to the arbitration.

Kelley and LoConti had an unusually close relationship to Kelley Corp., thus making them far more aware than most sureties of the proceedings against their principal. As the district court noted; first, Kelley Corp. and the sureties share the same attorney, who is also an officer in the Corporation; second, this same attorney was the chief negotiator between Kelley Corp. and Kirchdorfer; and third, surety Kelley is an officer of Kelley Corp. and "certainly knew the details behind the Kirchdorfer–M.J. Kelley

agreement and the [district court] dispute." As the district court stated: "There is no question that in this action and in the arbitration, the sureties had interests identical to those of M.J. Kelley and knew of the proceedings against M.J. Kelley."

■ The district court's conclusion that Kelley and LoConti are bound by the arbitration is bolstered by Ohio law, which governs the substantive legal issues in this case. Ohio courts have consistently held that a party can be bound by an adverse decision against another party with whom the first party is in privity. *See, e.g., City of Columbus v. Union Cemetery Ass'n*, 45 Ohio St.2d 47, 51, 341 N.E.2d 298 (1976); *Whitehead v. General Tel. Co. of Ohio*, 20 Ohio St.2d 108, 114, 254 N.E.2d 10 (1969).

The district court thus correctly determined that Kelley and LoConti were bound by the arbitration decision against Kelley Corp.

### IV.

### A.

In their final assignment of error, Kelley and LoConti argue that the district court erred in lifting the stay of the arbitration award against them. They contend that the district court's action amounted to a violation of their substantive due process rights guaranteed under the Constitution.

Kirchdorfer contends that Kelley and LoConti misunderstand the legal inquiry. Kirchdorfer argues that Kelley Corp. was found liable on the contract at the arbitration proceeding, from which it made no appeal, and Kelley and LoConti are absolutely liable on the bond as sureties. Kirchdorfer does not otherwise respond to Kelley's and LoConti's substantive due process arguments.

### B.

Kelley and LoConti cite dicta from several cases that a party is not bound by a judgment to which he has not been made a party. The short response to this contention is that, as a general matter, Kelley and LoConti are correct—"the general rule [is] that a person cannot be deprived of his legal rights in a

proceeding to which he is not a party." *Martin v. Wilks,* 490 U.S. 755, 759, 109 S.Ct. 2180, 2183, 104 L.Ed.2d 835 (1989). This general rule is subject to several exceptions, however. In fact, the cases cited by Kelley and LoConti recognize such exceptions.

*Martin v. Wilks,* for instance, recognizes that among other exceptions, a nonparty can be bound by a judgment against another if he is in privity with the named party. *Id.* at 761, 109 S.Ct. at 2184. Here, as the district court found, the sureties were in privity with Kelley Corp.

■ Finally, in this case, the arbitration proceeding to which Kelley and LoConti were not made parties was an action for breach of the construction contract. The Miller Act provides that once liability is established, a Miller Act plaintiff may bring suit *"on the bond"* in federal district court. *See* 40 U.S.C. § 270b. This is what Kirchdorfer did by filing suit against Kelley and LoConti in district court. Since Kelley Corp. cannot pay the arbitration award, Kelley and LoConti must do so. They may not now contend that Kelley Corp. did not breach the construction subcontract. *See Lanier–Gervais Corp.,* 896 F.2d at 167. We find no due process right violated.

## V.

For the foregoing reasons, we **AFFIRM** the district court's determination that it had jurisdiction, that Kelley and LoConti are liable as sureties, and that Kelley and LoConti are bound by the arbitration award.