Harold A. SMITH, Plaintiff,

v.

EATON CORPORATION; Eaton Corporation Pension Plan A–1 for Hourly Rate Employees of Uaw Masters Division; and Eaton Corporation Pension Administration Committee, Defendants.

No. 4:99 CV 78.

United States District Court, W.D. Michigan, Southern Division.

June 27, 2000.

Terrence J. Lilly, Lilly & Lilly, PC, Kalamazoo, MI, for Harold A. Smith, plaintiff.

Gary P. Bartosiewicz, Bartosiewicz & Kimbrel, PC, Portage, MI, Stephen D. Williger, Jeffrey D. Zimon, Benesch, Friedlander, Coplan & Aronoff, Cleveland, OH, for defendants.

## OPINION

ENSLEN, Chief Judge.

Harold Smith brings this action against Eaton Corporation ("Eaton"), Eaton Corporation Pension Plan A–1 for Hourly Rate Employees of UAW Masters Division ("Plan") and the Pension Administration Committee of Eaton Corporation ("Plan Administrator") (collectively "Defendants") for claims arising under provisions of the Employment Retirements Income Security

Act (ERISA), 29 U.S.C. 1002, *et. seq.* This action is before the Court on Defendants' Motion to Dismiss.[1]

### Background

In 1969, Mr. Smith's left hand was crushed in a press he was operating while working at Eaton. In 1981, the Bureau of Workers' Compensation awarded Mr. Smith $74.00 per week as compensation for his partial disability. These benefits were to continue after retirement. In 1983, Mr. Smith accepted an early retirement package and began to receive a monthly pension benefit of $319.87. For approximately ten years, Mr. Smith received both his weekly workers' compensation benefit and his monthly pension benefit. But under the terms of the Plan, Mr. Smith was not entitled to receive both payments; instead, the disability benefit should have been set off against the pension payments. Mr. Smith alleges that the terms of the Plan conflicted with the terms set forth in the summary plan description.

In September 1992, an Eaton administrator realized this error and sent Mr. Smith a letter informing him of the mistake and stating that beginning October 1, 1992, his "pension benefit in the future will be $0.00." (Smith Ex. 6). Mr. Smith has not received a pension payment since he received this letter.

In May 1995, Mr. Smith filed action against Eaton in Michigan state court for failure to make pension payments since October 1, 1992 and for breach of fiduciary duty. Eaton counterclaimed to recover all pension monies paid to Mr. Smith while he received both his pension and workers' compensation payments. In September 1996, the Calhoun County Circuit Court granted summary judgment in favor of Eaton and held that the Plan had no obligation to pay Mr. Smith any pension benefits because of his receipt of worker's compensation benefits. The Court also ruled in favor of Eaton on its counterclaim and ordered Mr. Smith to reimburse the Plan for all pension benefits previously received.

After his claim was rejected in state court, Mr. Smith filed a federal action against his union for reimbursement of the judgment against him flowing from Eaton's counterclaim. Mr. Smith's claim against his union was dismissed as time-barred. As part of that opinion, the District Court noted that the state court lacked jurisdiction over Mr. Smith's breach of fiduciary duty claims. In October 1999, in response to the opinion from the United States District Court, the Calhoun County Circuit Court held that it lacked jurisdiction over the counterclaim.

In May 1997, Defendants discontinued Mr. Smith's workers' compensation benefits. As a result, Mr. Smith pursued proceedings with a state administrative agency to recover these benefits. Despite the fact that he was no longer receiving his disability benefits, the pension benefits did not resume.

Mr. Smith filed this action in June 1999.

A motion for judgment on the pleadings under Fed.R.Civ.P. 12(c) is subject to the same legal standards as a motion to dismiss under Rule 12(b)(6). *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir.1998). Under Rule 12(b)(6), a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). The allegations of the complaint must be construed in the favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The rules generally require only a "short and plain statement of the claim" and not de-

---

1. Defendants' Motion is captioned: "Defendants' Motion to Dismiss or in the Alternative for Summary Judgment Based on the Statute of Limitations and Res Judicata." In essence, it is a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).

tailed allegations. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). Nevertheless, the complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." ' *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988) (quotations omitted.) The Court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987).

### Analysis

Mr. Smith's Complaint is pleaded generally and does not set forth the specific provisions of ERISA under which he brings action. The Court reads Mr. Smith's Complaint to assert three causes of action.

Mr. Smith claims that he was harmed because he relied upon the summary plan description which misstated the provision of the Plan that mandates that all pension benefits be offset by any disability benefits received. That is the basis for his first cause of action. Complaint at ¶¶ 6–13. In the alternative, Mr. Smith claims that when his disability benefits were stopped in May 1997, his pension benefits should have been paid since there was no longer any set-off. That is the basis of his second cause of action. The Court construes both of these causes of actions as claims to recover pension benefits under 29 U.S.C. § 1132(a)(1)(B). Mr. Smith also asserts that Eaton was a fiduciary. Complaint at ¶ 4. The Court construes this third cause of action as a claim for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3).

The Court will begin with the breach of fiduciary duty claim and then turn to the claims for pension benefits.

### Breach of Fiduciary Duty

The Defendants claim that Mr. Smith's breach of fiduciary duty claim is untimely and barred by the statute of limitations.

Defendants contend that Mr. Smith's claim for breach of fiduciary duty began to accrue when he first had knowledge that Defendants were stopping his pension benefits on September 16, 1992. They assert that under ERISA's three-year statute of limitations set forth in 29 U.S.C. § 1113(a), his breach of fiduciary duty claim had to be filed by September 16, 1995.

Mr. Smith makes two arguments in response. First, he argues that the statute of limitations was tolled by the filing of his state action because Eaton had notice of these claims. Second, he argues that the fiduciary duty claim is subject to a six-year statute of limitation because it is an installment claim. Both arguments fail and the claim is time-barred.

■ On the issue of whether the filing of a state action tolls the statute of limitations in ERISA actions, both parties cite to *Farrell v. Automobile Club of Michigan*, 870 F.2d 1129 (6th Cir.1989) for support. While *Farrell* allowed for equitable tolling where a plaintiff had first filed his ERISA claims in state court, it did so only as to ERISA claims over which state courts had concurrent jurisdiction. In *Farrell*, the Sixth Circuit Court of Appeals stated that "[t]he critical issue [is] whether the Michigan State Court clearly lacked jurisdiction over plaintiffs' ERISA claim." *Id.* at 1133. It held that if the state court lacks jurisdiction, tolling does not apply. *Id.* Federal courts have exclusive jurisdiction over ERISA breach of fiduciary duty actions. *See* 29 U.S.C. § 1132(e)(1). The Fourth Circuit Court of Appeals relied on this distinction when it held that the commencement of an action in a state court that clearly lacks jurisdiction will not toll the statute of limitations. *Shofer v. Hack Co.*, 970 F.2d 1316, 1319 (4th Cir.1992) ("[b]ecause the state court clearly lacked jurisdiction over the ERISA fiduciary duty claims,... *Farrell* do[es] not apply, and equitable tolling under federal tolling principles is not appropriate in this case.") *See also Silverberg v. Thomson McKinnon Sec., Inc.*, 787 F.2d 1079, 1082 (6th Cir.

1986). This Court reads *Farrell* to apply equitable tolling only to claims over which state courts have concurrent jurisdiction. Since the Calhoun County Circuit Court lacked jurisdiction over Mr. Smith's breach of fiduciary duty claim, the statute of limitations was not tolled when Mr. Smith filed the state action.

■ Mr. Smith's argument that this ERISA claim should be subject to the six-year statute of limitation applicable to Michigan breach of contract actions is clearly misguided in light of ERISA's comprehensive statutory scheme for statute of limitations in fiduciary duty claims. *See* 29 U.S.C. § 1113(2).

Because Mr. Smith's breach of fiduciary duty accrued on September 16, 1992, an action filed after September 16, 1995 is time-barred. This action was filed June 17, 1999. Mr. Smith's breach of fiduciary duty claim will be dismissed.

*Pension Benefits*

Construing Mr. Smith's Complaint and pleadings liberally, the Court reads two separate claims for pension benefits. First, Mr. Smith alleges that his pension benefits were improperly offset by the amount of workers' compensation benefits he received; second, he alleges that even if the offset was proper, his benefits were improperly withheld once the workers' compensation benefits were stopped in May 1997.

Defendants contend that Mr. Smith's claim to recover the offset pension benefits is barred by the doctrine of res judicata because the state court rejected this claim in September 1996. *See* Def. Ex. B–12, October 25, 1999 Order. Mr. Smith does not dispute that decisions by the state court on issues over which it had jurisdiction are precluded in this action.

■ The state court had jurisdiction over the claim for pension benefits brought under § 1132(a)(1)(B) because the ERISA jurisdiction clause, 29 U.S.C. § 1132(e)(1), provides that there is concurrent jurisdiction between state and federal courts for claims brought under § 1132(a)(1)(B). *See Farrell*, 870 F.2d at 1133. In fact, Mr. Smith acknowledges that the state court "had jurisdiction to determine whether, under the terms of the plan itself, pension benefits would be payable when Plaintiff received worker's compensation benefits." (Opposition Br. at 13). But he also argues that the state court "was clearly without jurisdiction on which to deal with issues relating to contradictory terms of the plan document and the summary plan description." (Opposition Br. at 14). This argument is curious in light of the fact that Mr. Smith raised the conflicting language argument when he pursued this claim in state court. *See* Def. Ex. B–4, Smith's Affirmative Defenses. This Court cannot discern how the state court "lacked jurisdiction" to consider this argument when it had jurisdiction to decide his claim for pension benefits. Under the doctrine of res judicata, Mr. Smith is precluded from litigating the issue of whether he is entitled to recover pension benefits offset by workers' compensation benefits here. *See Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029 (6th Cir.1998); *Energy Reserves, Inc. v. Consumers Power Co.*, 221 Mich.App. 210, 561 N.W.2d 854, 859 (1997). Mr. Smith's claim for offset benefits is dismissed.

In his opposition to Defendants' Motion to Dismiss, Mr. Smith claims that he is entitled to pension benefits commencing in May 1997 when, even though his workers' compensation benefits were stopped, he was still denied pension benefits which no longer had to be set off. Defendants assert that this claim should be dismissed because it was not raised in the Complaint and, in any event, it is not ripe for adjudication.

The Court is not concerned that this claim was not specifically alleged in Mr. Smith's Complaint because this issue is closely linked to the pension benefit issue set forth in the Complaint. *See Scheid*, 859 F.2d at 436. Defendants' ripeness argument turns on facts that are not appar-

ent from the pleadings, and is properly left for a motion for summary judgment. The Court does note, however, that Mr. Smith's attempts to reinstate his workers' compensation benefits and his pension payments through a state administrative proceeding seem to suggest that he has doggedly pursued this claim prior to the filing of this action. Defendants' ripeness argument seems especially weak in light of the fact that any ERISA exhaustion requirement that exists is judicially created and serves to enable plan fiduciaries "to efficiently manage their funds; correct their errors; interpret plan provisions; and assemble a factual record which will assist a court in reviewing the fiduciaries' actions." *Ravencraft v. Unum Life Insurance Co. of America*, 212 F.3d 341, 344 (6th Cir.2000), *quoting Makar v. Health Care Corp. of Mid–Atlantic*, 872 F.2d 80, 83 (4th Cir. 1989). Upon the limited facts presented here, the Court does not see that any of these concerns are present as to this claim. In any event, the Court will revisit this argument should the Defendants choose to raise it in a motion for summary judgment.

As to the non-payment of pension benefits since May 1997, the Court finds that Mr. Smith has stated a claim on which relief could be granted.

### Conclusion

For the reasons stated above, Defendants' Motion to Dismiss is granted in part and denied in part.