**Richard A. LEEMIS, Plaintiff–Appellant,**

v.

**MEDICAL SERVICES RESEARCH GROUP, INC., et al., Defendants–Appellees.**

No. 02–5380.

United States Court of Appeals, Sixth Circuit.

Sept. 24, 2003.

Roger K. Rutledge, Gregory C. Morton, Rutledge & Rutledge, Memphis, TN, for Plaintiff–Appellant.

John R. Branson, Branson & Bearman, James M. Allen, Filderman & Allen, Memphis, TN, for Defendant–Appellee.

Before KENNEDY, GUY, and DAUGHTREY, Circuit Judges.

PER CURIAM.

The plaintiff, Richard Leemis, appeals from the dismissal of his cause of action under 29 U.S.C. § 1140 for interference with rights protected under the provisions of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C.

§§ 1001–1461. He asserts specifically that the district court erred in refusing to find that the applicable statute of limitations on such actions was tolled by Leemis's filing of a similar state court law suit. We find no error and affirm.

Under a 401(k) retirement plan offered by Leemis's employer, defendant Medical Services Research Group, Inc., Leemis was entitled to a matching contribution from the company of five percent of his salary. When he discovered in June 1996 that Medical Services had failed to make the requisite deposits of both his contributions to the plan and the company's matching funds for 25 consecutive pay periods, he notified the company that he intended to take action to recover the amounts due and unpaid.

Six days later, Leemis filed suit against the company in state court, alleging breach of contract, failure to pay wages, fraud, and loss of interest. The plaintiff eventually reached a settlement in that action, but not before filing a second state court suit on July 8, 1997. In the subsequent action, Leemis raised six state law claims and also alleged that his discharge "was in violation of the anti[-]interference provisions of [ERISA], 29 U.S.C. 1140, entitling Plaintiff to compensatory and punitive damages and reasonable attorney fees from Defendant." More than three years later, Medical Services filed for summary judgment on the state law claims and sought dismissal of the federal cause of action. The state court agreed that judgment in the defendant's favor was appropriate as to each of the state law allegations and that the ERISA claim was subject to dismissal because it was exclusively within the jurisdiction of the federal courts.

Leemis then filed a notice of voluntary nonsuit on the § 1140 claim and initiated this federal court proceeding, reasserting the ERISA cause of action and seeking statutory penalties. The district court concluded, however, that the suit was barred by the applicable one-year statute of limitations on such claims and that the plaintiff's filing of the previous state court action did not toll the running of that statute of limitations. As a result, the district judge dismissed the case in its entirety.

In his federal court complaint, Leemis contended that his termination from Medical Services resulted from his investigation into and criticism of the defendant's handling of contributions to the employee's retirement account. As such, the plaintiff raised a claim under 29 U.S.C. § 1140, which provides in relevant part:

It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan, this subchapter, section 1201 of this title, or the Welfare and Pension Plans Disclosure Act [29 U.S.C.A. § 301 et seq.], or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, this subchapter, or the Welfare and Pension Plans Disclosure Act.

Because § 1140 does not reference a specific statute of limitations period in which a claim for violation of the provision must be prosecuted, the federal courts must apply "the most analogous state statute of limitations." *Santino v. Provident Life and Accident Ins. Co.*, 276 F.3d 772, 776 (6th Cir.2001). Although Leemis and Medical Services initially disagreed as to what that limitations period should be, neither party on appeal now disputes the conclusion of the district court that Leemis's federal complaint "is most analogous to

a wrongful discharge or retaliatory discharge claim" and thus should be governed by a one-year statute of limitations.

Furthermore, neither party can legitimately contend that the federal ERISA action, initiated on July 2, 2001, was filed within one year of the date on which Leemis first learned he would be terminated from Medical Services—July 10, 1996. Nevertheless, the plaintiff does insist that the one-year statute of limitations should be tolled as a result of the filing on July 8, 1997, of his state court action, in which he also alleged a § 1140 violation.

In *Farrell v. Automobile Club of Michigan*, 870 F.2d 1129 (6th Cir.1989), we recognized that a statute of limitations will not be tolled by an analogous filing in state court when "the state action was filed in a court which clearly lacked jurisdiction." *Id.* at 1132 (internal quotation marks and citations omitted). Hence, the determinative question in this appeal is whether the state court "clearly lacked jurisdiction" over the plaintiff's § 1140 claim.

The prohibition on the interference with protected rights found in 29 U.S.C. § 1140 is, like 29 U.S.C. § 1132, contained within Subchapter I of ERISA. In subsection (e) of § 1132, Congress provided:

> Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, fiduciary, or any person referred to in section 1021(f)(1) of this title. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions

under paragraphs (1)(B) and (7) of subsection (a) of this section.

Thus, if Leemis's § 1140 claim could properly be brought under 29 U.S.C. § 1132(a)(1)(B), the claim could be initiated either in federal district court or in a state court of competent jurisdiction, and the plaintiff's timely filing of the action in state court would toll the running of the statute of limitations. If, however, the assertion of a § 1140 violation does not fall within the limited jurisdictional exceptions of subsection (e), the filing of a such an action in a state court would be an attempt to invoke the oversight of a court that "clearly lacked jurisdiction" over the federal claim and would not serve to toll the applicable statute of limitations period.

The explicit language of § 1132(a)(1)(B) provides that "[a] civil action may be brought—by a participant or beneficiary—to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan. . . ." Although Leemis argues that the broad reach of § 1132(a)(1)(B) seems to encompass actions to remedy interference with protected rights under § 1140, the Seventh Circuit has convincingly explained that § 1140 claims are enforceable through the provisions of § 1132(a)(3),[1] not (a)(1)(B). *See Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1133 (7th Cir.1992). As stated by that court:

> Section [1140], unlike Section [1132(a)(1)(B)], is not concerned with whether a defendant complied with the contractual terms of an employee benefit plan. Rather, the emphasis of a Section

---

1. Pursuant to § 1132(a)(3):

    A civil action may be brought—by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan. . . .

[1140] action is to prevent persons and entities from taking actions which might cut off or interfere with a participant's ability to collect present or future benefits or which punish a participant for exercising his or her rights under an employee benefit plan. The difference between enforcing the terms of a plan and assuring that parties do not somehow impinge on current or future rights under employee benefit plans may seem subtle at first glance, but upon a close examination it becomes clear that the distinction is great. In order to enforce the terms of a plan under Section [1132], the participant must first qualify for the benefits provided in that plan. Rather than concerning itself with these qualifications, one of the actions which Section [1140] makes unlawful is the interference with a participant's ability to meet these qualifications in the first instance.

*Id.* at 1133–34 (citations omitted).

In this case, the plaintiff couched his state court complaint only in terms of an improper discharge from employment *"in violation of the anti[-]interference provisions of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. 1140...."* (Emphasis added.) Not only did he unequivocally invoke the protections of § 1140, rather than § 1132(a)(1)(B), but he also specifically sought "damages" only for that allegedly improper termination, not for lost benefits under the plan.[2] Because the plaintiff initially failed to file an action under § 1132(a)(1)(B), over which the state court would have had concurrent jurisdiction, the state court "clearly lacked jurisdiction" over the claim that was speci-

fied. The filing in state court, therefore, did not toll the applicable statute of limitations, and the action in federal court fell outside the one-year period for filing.

In conclusion, we note that the provisions of 29 U.S.C. § 1132(a)(1)(B) are designed to provide a mechanism for an aggrieved individual to enforce contractual rights under an employee benefits plan. Here, however, the plaintiff denominated his only federal claim in state court as a request for monetary damages for improper termination from employment, based upon an alleged violation of 29 U.S.C. § 1140. Because that claim, as structured by the plaintiff, did not fall within the ambit of § 1132(a)(1)(B), the state court was clearly without jurisdiction to consider the ERISA cause of action. Consequently, the initiation of the state court proceeding did not serve to toll the applicable statute of limitations relevant to the plaintiff's claim. Because, absent the benefit of tolling, the federal complaint was not timely filed, we AFFIRM the district court's judgment dismissing the plaintiff's § 1140 cause of action.

**2.** The plaintiff argues that this court, in *Farrell*, permitted tolling of the statute of limitations period when state court claims involved allegations of fraudulent inducement by the employer to take early retirement. In *Farrell*, however, the plaintiff did not expressly base his claim on § 1140 and, more importantly,

did allege that benefits paid were insufficient. Consequently, Farrell included in his prayer for relief a request "that full compensation ... be made, including *the value of all benefits, [and] future pay and benefits...."* *Farrell*, 870 F.2d at 1133 (emphasis added).