73 F.3d 361
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 ENTERPRISE GROUP PLANNING, INC., Plaintiff-Appellee,
v.
Elaine FALBA, Defendant-Appellant.
 No. 94-3827.
 United States Court of Appeals, Sixth Circuit.
 Dec. 27, 1995.
 
 Before: NORRIS, SURHREINRICH, and GIBSON, Circuit Judges.*
 OPINION
 PER CURIAM.
 
 
 1
 Plaintiff-appellee Enterprise Group Planning, Inc., brought suit against defendant-appellant Elaine Falba seeking enforcement of the subrogation and reimbursement provisions of an ERISA-regulated employee group health plan of which defendant was a beneficiary and plaintiff the plan administrator. The district court granted plaintiff summary judgment. For the reasons stated below, we affirm.
 
 I. FACTS
 
 2
 In October of 1991, defendant, a Pennsylvania resident, sustained injuries in an automobile collision that occurred in Pennsylvania. At the time of the accident, defendant was a beneficiary of a group health plan administered by plaintiff and regulated under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. Secs. 1001-1461. The plan was issued in Ohio and subject to an Ohio choice of law clause. The plan also contained a subrogation and reimbursement provision giving plaintiff the right to any recovery defendant received from a third party arising out of an insured event to the extent of payments made under the plan.
 
 
 3
 In accordance with the terms of the plan, plaintiff paid $36,894 on behalf of defendant to cover her medical expenses. Defendant thereafter pursued a personal injury claim against the tortfeasor and his automobile insurance carrier, Allstate. To protect its subrogation and reimbursement rights under the plan, plaintiff sued defendant and Allstate in federal court. In December of 1993, defendant and Allstate settled the personal injury suit out of court. Allstate then placed $36,894 of the settlement with the clerk of the district court and was dismissed from the suit. The question remaining before the district court was whether plaintiff or defendant was entitled to the Allstate funds. Defendant argued that the district court was without subject matter jurisdiction to distribute the funds and filed a motion to dismiss. Plaintiff's motion for summary judgment cited the subrogation provision. The district court denied defendant's motion to dismiss and ordered the money paid to plaintiff. Defendant appeals.
 
 II. DISCUSSION
 
 4
 Defendant argues that the district court acted without jurisdiction when it ordered the Allstate funds distributed to plaintiff. There is no diversity jurisdiction, and defendant contends there is no subject matter jurisdiction because which party is entitled to the funds turns exclusively upon Pennsylvania law which statutorily prohibits subrogation or reimbursement from a tort recovery arising from the use of a motor vehicle. 75 Pa.Cons.Stat.Ann. Sec. 1720. We agree with plaintiff that the district court had subject matter jurisdiction when it referred to Ohio law, not Pennsylvania law, in granting plaintiff summary judgment.
 
 
 5
 We review the district court's determination of subject matter jurisdiction de novo. United States v. M.J. Kelley Corp., 995 F.2d 656, 659 (6th Cir.1993).
 
 
 6
 29 U.S.C. Sec. 1132(a) defines those civil actions that may be brought under ERISA. Section 1132(a)(3)(B)(ii) provides that a fiduciary of an ERISA-regulated plan may bring an action to obtain appropriate equitable relief to enforce any provisions of the terms of the ERISA plan. Section 1132(f) establishes federal court jurisdiction over the civil actions defined in Sec. 1132(a). Therefore, the district court had subject matter jurisdiction to hear plaintiff's case if plaintiff stated a cause of action under ERISA.
 
 
 7
 It is not disputed that plaintiff is a fiduciary of an ERISA-regulated plan. Plaintiff is also seeking to enforce provisions of that plan pursuant to Sec. 1132(a)(3). Hence, plaintiff states a cause of action under ERISA, and the district court had subject matter jurisdiction to resolve the matter.
 
 
 8
 The remaining question, then, is whether the district court correctly applied Ohio law over Pennsylvania law when it ordered the Allstate funds distributed to plaintiff. What law a federal court applies to ERISA plans is governed by ERISA's pre-emption clause at 29 U.S.C. Sec. 1144(a). Under the clause, and subject to the exceptions set forth in the savings and deemer clauses, ERISA preempts "any and all State laws insofar as they ... relate to" an ERISA-regulated employment benefit plan. State anti-subrogation laws "relate to" ERISA-regulated plans like plaintiff's. See FMC v. Holliday, 498 U.S. 52, 58 (1990). Therefore, plaintiff's plan falls within the terms of the pre-emption clause.
 
 
 9
 The pre-emption clause, however, is limited by the savings clause at Sec. 1144(b)(2)(A) and the deemer clause at Sec. 1144(b)(2)(B) such that state insurance laws that regulate insured ERISA plans are saved from pre-emption. FMC Corp., 498 U.S. at 61. The parties agree that plaintiff's plan is an insured plan. Therefore, state insurance laws regulating subrogation are potentially saved from pre-emption. The parties dispute, however, whether Pennsylvania or Ohio's laws are the relevant state laws potentially saved from ERISA pre-emption. We must make this determination by performing a choice-of-law analysis.
 
 
 10
 In a federal question case, choice of law principles are derived from federal common law. Aaron Ferer & Sons Ltd. v. Chase Manhattan Bank, 731 F.2d 112, 120-21 (2d Cir.1984); Corporacion Venezolana de Fomento v. Vintero Sales Corp., 629 F.2d 786, 795 (2d Cir.1980), cert. denied, 449 U.S. 1080 (1981). An analysis of significant contacts reveals that Ohio law provides the applicable law. Plaintiff's plan was negotiated, delivered, and executed in Ohio; the plan's documents were drafted in accordance with Ohio law; it was approved by the Ohio Department of Insurance; it was administered in Ohio; and the company that purchased plaintiff's plan for its employees is an Ohio company. More importantly, the plan states that it is to be governed by the laws of Ohio. Given these significant contacts, we hold that Ohio law is subject to pre-emption under Sec. 1144(a).
 
 
 11
 Ohio, however, has no statutes outlawing subrogation. The savings and deemer clauses are thus not applicable to limit the reach of the pre-emption clause. As a result, only ERISA federal common law remains to settle the dispute. Federal common law in no way limits the application of otherwise enforceable subrogation provisions. Therefore, the district court correctly enforced the subrogation provision of plaintiff's plan against defendant.
 
 
 12
 For the foregoing reasons, the judgment of the district court is affirmed.
 
 
 
 *
 The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation