**Richard SHOFER, Plaintiff–Appellant,**

v.

**HACK COMPANY, Stuart Hack, Defendants–Appellees.**

No. 91–1024.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 2, 1991.

Decided June 24, 1992.

Anthony Peter Palaigos, Blum, Yumkas, Mailman, Gutman & Denick, P.A., Balti-more, Md., argued (Thomas A. Bowden, of counsel), for plaintiff-appellant.

Janet Marie Truhe, Semmes, Bowen & Semmes, Baltimore, Md., argued (Lee B. Zaben, of counsel), for defendants-appellees.

Before ERVIN, Chief Judge, TILLEY, District Judge for the Middle District of North Carolina, sitting by designation, and HERLONG, District Judge for the District of South Carolina, sitting by designation.

## OPINION

HERLONG, District Judge:

Richard Shofer ("Shofer") appeals the district court's granting summary judgment in favor of The Stuart Hack Company and Stuart Hack (collectively "Hack"). Shofer sought damages from Hack for allegedly failing to give proper advice about the tax consequences of borrowing from his pension plan. The district court held that Shofer's claims were barred by the applicable statute of limitations. We affirm.

### I.

Shofer owns and operates Catalina Enterprises, Inc. which transacts business as Crown Motors, a used car dealership. Catalina Enterprises, Inc. has a pension plan ("Plan") established for its employees which is a tax qualified pension plan subject to the terms of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*

In the early or mid seventies, Hack was hired to administer the Plan.[1] His functions included preparing and filing certain annual federal returns and preparing statements to be sent to participants of the Plan. Hack also rendered advice as to tax matters involving the Plan.

At some time prior to August 9, 1984, Shofer asked Hack whether he could borrow money from the Plan or use the Plan's assets as collateral for a loan. By a letter

---

1. Shofer contends that Hack was hired in 1971. Hack asserts that he was hired in 1975. This discrepancy is not material.

dated August 9, 1984, Hack advised Shofer that he could borrow up to one hundred percent (100%) of his voluntary account in the Plan. The letter made no mention of any tax consequences.

From this time in 1984 until sometime in 1986, Shofer borrowed Three Hundred Seventy–Five Thousand Dollars ($375,000) from the Plan. This money borrowed from the Plan was taxable as income to Shofer. Because he borrowed the money from the Plan, Shofer incurred considerably higher taxes and tax penalties.

Shofer learned of the tax consequences and his tax problems in approximately November of 1986.

## II.

Litigation between Shofer and Hack began on April 11, 1988, when Shofer filed a complaint in the Circuit Court of Maryland for Baltimore City. After a series of motions and amendments, Shofer alleged claims for negligence, breach of contract, common law breach of fiduciary duty, and five claims to enforce his rights to competent advice under the Plan through ERISA. On October 12, 1990, the state court complaint was dismissed. The first three claims were dismissed because they were preempted by ERISA under 29 U.S.C. § 1144(a).[2] The remaining five claims were dismissed because they were within the exclusive jurisdiction of the federal court under 29 U.S.C. § 1132(e)(1).

Shofer then filed this action in the United States District Court for the District of Maryland on October 19, 1990. The claims asserted were substantially the same as the claims in the state court complaint. In response, Hack filed a motion for summary judgment based on the expiration of the statute of limitations. The district court granted Hack's motion for summary judgment, finding that Shofer's claims were barred by the ERISA statute of limitations, 29 U.S.C. § 1113(a)(2), and that equitable tolling was not applicable in this case. 753 F.Supp. 587.

## III.

The district court applied the limitations period in 29 U.S.C. § 1113(a)(2) to all of Shofer's claims. Since this statute of limitation applies only to claims for a breach of a fiduciary's duty, the court must infer that the district court determined that Hack was a fiduciary. Though there is evidence to support that determination, the court finds it unnecessary to decide whether Hack was a fiduciary. The result of the case is the same whether Hack was a fiduciary or not.

For any claim that alleges a breach of a fiduciary duty, ERISA provides a three-year statute of limitations. 29 U.S.C. § 1113(a)(2). The ERISA statute of limitations begins to run when a plaintiff has knowledge of the alleged breach of a responsibility, duty, or obligation by a fiduciary. *Id.* Shofer had this knowledge, and the limitation period began to run in November of 1986.

■ Shofer does not contend that the complaint filed on October 19, 1990, was within the three-year period. He asserts that his timely filing of an action essentially stating the same claims in Maryland state court should equitably toll the running of the statute of limitations under federal tolling principles.

Shofer relies on three cases: *Burnett v. New York Cent. R.R. Co.*, 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965); *Berry v. Pacific Sportfishing, Inc.*, 372 F.2d 213 (9th Cir.), *cert. denied*, 389 U.S. 821, 88 S.Ct. 42, 19 L.Ed.2d 72 (1967); and *Farrell v. Automobile Club of Michigan*, 870 F.2d 1129 (6th Cir.1989).

*Burnett* involved an action under the Federal Employers' Liability Act ("FELA") brought in Ohio state court within the limitation period. The action was dismissed for improper venue. The plaintiff then filed the identical action in federal court, but this filing was after the statute of limitations had expired. The Supreme

---

**2.** The dismissal of the negligence and the breach of contract claims was vacated, and the case was remanded to the Circuit Court for Balti- more City in *Shofer v. Stuart Hack Co.*, 324 Md. 92, 595 A.2d 1078 (1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1174, 117 L.Ed.2d 419 (1992).

Court held that "when a plaintiff begins a timely FELA action in a state court having jurisdiction, and serves the defendant with process and the plaintiff's case is dismissed for improper venue, the FELA limitation is tolled during the pendency of the state suit." *Burnett,* 380 U.S. at 434–35, 85 S.Ct. at 1058.

*Berry* involved a death at sea. An action was filed originally in California state court. No assertion was made that the state court lacked jurisdiction. The defendants filed an action in federal court seeking limitation of liability. The plaintiff then asserted a claim in the federal action contending that the state court action should have been brought in federal court under the exclusive federal jurisdiction of the Death on the High Seas Act. The district court dismissed this claim on the grounds that it was barred by the statute of limitations. The Ninth Circuit Court of Appeals found that, notwithstanding the exclusive jurisdiction in the Death on the High Seas Act, the California state court had jurisdiction until a lack of jurisdiction was asserted, and the state court determined that the Death on the High Seas Act applied, thereby depriving the state court of jurisdiction. *See Berry,* 372 F.2d at 215.

*Farrell* is the only case relied upon by Shofer dealing with tolling of limitation periods under ERISA. In *Farrell,* a complaint was filed in Michigan state court. Over two years later, the defendants moved for summary judgment on the grounds that one of the state law claims was preempted by ERISA. Before the state court ruled on the motion, the plaintiff filed an almost identical complaint in federal court. The district court dismissed the ERISA claim as time-barred. The Sixth Circuit Court of Appeals determined that the state court had concurrent jurisdiction over the ERISA claim. That court held that since the plaintiff had filed in a court having jurisdiction, the filing of the state action tolled the ERISA statute of limitations. *Farrell,* 870 F.2d at 1134.

An important common factor in these cases is that the state trial courts were found to have had jurisdiction over the federal claims when they were filed originally in state court. This factor is not present in this case. The ERISA fiduciary duty claims presented in this case were within the *exclusive* jurisdiction of the federal courts. 29 U.S.C. § 1132(e)(1). The district court correctly found that the state court was "plainly without jurisdiction" of these ERISA claims.

■ The commencement of an action in a clearly inappropriate forum, a court that clearly lacks jurisdiction, will not toll the statute of limitations. *Silverberg v. Thomson McKinnon Sec., Inc.,* 787 F.2d 1079, 1082 (6th Cir.1986); *see also Fox v. Eaton Corp.,* 615 F.2d 716, 719 (6th Cir.1980) (finding that, generally, filing in a court that clearly lacks jurisdiction will not toll the limitations period, but holding the lack of jurisdiction was not "clear" in that case), *cert. denied* 450 U.S. 935, 101 S.Ct. 1401, 67 L.Ed.2d 371 (1981). Because the state court clearly lacked jurisdiction over the ERISA fiduciary duty claims, *Burnett, Berry* and *Farrell* do not apply,[3] and equitable tolling under federal tolling principles is not appropriate in this case.

## IV.

ERISA does not expressly provide a limitation period for bringing a private action other than for claims of a breach of fiduciary duty. Therefore, for any claim that does not assert that Hack breached a fiduciary duty, the court must look to state law and apply an analogous limitation provision. *Dameron v. Sinai Hosp. of Baltimore, Inc.,* 815 F.2d 975, 981 (4th Cir.1987). Because the claims that do not allege a breach of a fiduciary duty are analogous to claims for either negligence or breach of contract, the court will apply the three-year statute of limitations for ordinary civil actions under Maryland law. Maryland Cts. & Jud.Proc.Code Ann. § 5–101 (1989). The statute of limitation begins to run on the

---

**3.** This court does not express an opinion whether the law of the Ninth Circuit from *Berry* or the Sixth Circuit from *Farrell* would be adopted if the facts of those cases were presented to this court.

date that the claims accrued, which was in November of 1986, when Shofer learned of the alleged wrongful advice. Since this action was filed on October 19, 1990, Shofer failed to file within the three-year limitation period. He asks the court to apply equitable tolling to avoid this failure.

 In applying the state statute of limitations, the court must also apply state principles of tolling to that limitation period. *See Board of Regents v. Tomanio,* 446 U.S. 478, 485–88, 100 S.Ct. 1790, 1795–97, 64 L.Ed.2d 440 (1980); *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 464, 95 S.Ct. 1716, 1722, 44 L.Ed.2d 295 (1975). The rule in Maryland concerning equitable tolling of statutes of limitations "can be fairly termed one of strict construction." *Walko Corp. v. Burger Chef Systems, Inc.,* 281 Md. 207, 210, 378 A.2d 1100, 1101 (1977). The court in *Walko* stated that "where the Legislature has not made an exception in express words in the Statute of Limitations, the Court cannot allow any implied and equitable exception to be engrafted upon the statute merely on the ground that such exception would be within the spirit or reason of the statute." *Id.* at 211, 378 A.2d at 1102 (quoting *McMahan v. Dorchester Fertilizer Co.,* 184 Md. 155, 160, 40 A.2d 313, 316 (1944)).

Shofer principally relies upon *Bertonazzi v. Hillman,* 241 Md. 361, 216 A.2d 723 (1966), to argue that equitable tolling applies under Maryland law in this case. In *Bertonazzi,* the Maryland Court of Appeals held that the filing of an action against the personal representative of a deceased tortfeasor in Baltimore County tolled the relevant limitations period for the subsequent suit in Baltimore City. The *Walko* court, however, limited *Bertonazzi* to its facts, stating that the court in *Bertonazzi* "carved out a narrow exception to the traditional rule against engrafting implied exceptions upon the statute of limitations in certain situations where the sole reason for the dismissal of the prior action was improper venue." *Walko,* at 214, 378 A.2d at 1103; *Sasso v. Koehler,* 445 F.Supp. 762, 766 (D.Md.1978) (applying Maryland law); *accord Shepard v. Nabb,* 84 Md.App. 687,

697, 581 A.2d 839, 844 (1990), *cert. denied,* 322 Md. 240, 587 A.2d 247 (1991); *Bennett v. Baskin & Sears,* 77 Md.App. 56, 77, 549 A.2d 393, 402–03 (1988); *Burket v. Aldridge,* 241 Md. 423, 429, 216 A.2d 910, 912–13 (1966). This case does not fall within the narrow exception from *Bertonazzi.* Therefore, under Maryland law, the court cannot apply equitable tolling in this case.

## V.

Shofer did not bring this action within the three-year limitations period allowed by federal and Maryland law. Also, the facts of this case do not support the application of equitable tolling under either federal or Maryland tolling principles. Accordingly, the district court's granting of summary judgment in favor of Hack is

AFFIRMED.