Carlos **MONELL,** Monell Monell & Associates, Inc., Plaintiffs,

v.

**BEST PERSONNEL SYSTEMS, INC. et al., Defendants.**

**No. 99–1704 SEC.**

United States District Court, D. Puerto Rico.

Nov. 17, 2000.

Jane A. Becker–Whitaker, Law Offices of Jan Becker Whitaker, PSC, San Juan, PR, for plaintiff.

Ivan R. Fernandez–Vallejo, Rodriguez & Fernandez, San Juan, PR, David Ramos–Pagan, Caguas, PR, Juan A. Santos–Berrios, Santos–Berrios & Ortiz–Collazo, Humacao, PR, for Defendant.

## OPINION AND ORDER

ARENAS, United States Magistrate Judge.

### PROCEDURAL BACKGROUND

On June 24, 1999, plaintiffs Carlos Monell and Monell & Monell Associates, Inc., brought fraud claims under section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), Rule 10b–5 of the Securities and Exchange Commission, 17 C.F.R. § 240.10b–5, and several sections of Puerto Rico's Civil Code, against co-defendants Best Personnel, Inc., Esther Velázquez, Miguel Vázquez, Dorcas Izquierdo, Audeliz Jiménez, and Gloria Cardona. (Docket No. 1.)

Co-defendant Best Personnel Systems, Inc. (hereinafter "Best Personnel") answered the complaint on September 24, 1999. On July 19, 2000, Best Personnel filed a *Motion to Dismiss and/or for Summary Judgment* (Docket No. 21), claiming that plaintiffs' actions are time-barred and that therefore the complaint does not state a claim upon which relief can be granted. Plaintiffs filed an opposition to said motion on August 14, 2000. (Docket No. 24.) A reply to plaintiffs' opposition was filed on September 26, 2000 (Docket No. 36) and a sur-reply filed on October 4, 2000 (Docket No. 38).

Defendant Best Personnel contends that plaintiffs actions are time-barred since "[l]itigation instituted pursuant to § 10(b) and Rule 10b–5 must be commenced within one year after the discovery of the facts constituting the violation and within three years after such violation." *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* 501 U.S. 350, 364, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991). On the other hand, plaintiffs argue, alleging that this controversy is governed by *Yellow Freight Sys., Inc. v. Donnelly,* 494 U.S. 820, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990), that the filing of the state claim in Civil No. CS–89–1229, in Puerto Rico's Superior Court, had the effect of tolling the statute of limitations regarding their federal action.[1]

### STANDARD FOR MOTION TO DISMISS UNDER RULE 12(b)(6)

When ruling on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the material facts alleged in the complaint are to be construed in the light most favorable to the plaintiff, and taken as admitted. *Davis v. Monroe County Bd. of Educ.,* 526 U.S. 629, 633,

---

1. Plaintiffs mistakenly try to establish in their opposition a difference between the tolling of a statute of limitations and its interruption. *See* Docket No. 24, *Plaintiffs' Memorandum of Law in Support of Opposition to Best Personnel, Inc.'s Motion to Dismiss* at 2 ¶ 1. In legal terminology, they are synonyms.

119 S.Ct. 1661, 143 L.Ed.2d 839 (1999); *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir.1999). The dismissal shall be ordered only if the plaintiff is not entitled to relief under any set of facts he could prove. *Figueroa v. Rivera*, 147 F.3d 77, 80 (1st Cir.1998); 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357, at 337–39 (2d ed.1990).

However, it is well known that a motion to dismiss based on failure to state a claim upon which relief can be granted, Rule 12(b)(6), must be filed before a responsive pleading is served, otherwise it would be technically untimely. *Cedars–Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1577 (Fed. Cir.1993); 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure supra*, at 299–301. Nevertheless, if a motion to dismiss under Rule 12(b)(6) is untimely, such motion can be treated under Rule 12(c), which states:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed.R.Civ.P. 12(c).

■ Rule 12(h)(2) of the Federal Rules of Civil Procedure specifies that the defense of failure to state a claim upon which relief can be granted can be raised in a motion for judgment on the pleadings or at the trial on the merits. If such is the case, the court can treat an untimely motion to dismiss under Rule 12(b)(6) as a motion for judgment on the pleadings without affecting the outcome of the motion since "the court will apply the same standards for granting the appropriate relief as it would have employed had the motion been brought under [Rule 12(b)(6)]." 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367, at 515; *see also Collignon v. Milwaukee*, 163 F.3d 982, 991 (7th Cir.1998).

Defendant Best Personnel filed a motion to dismiss and/or for summary judgment on July 19, 2000 (Docket No. 21), well after he had answered plaintiffs' complaint.[2] Consequently, I will consider such motion as a motion for judgment on the pleadings under Rule 12(c).

## FEDERAL JURISDICTION, THE TOLLING OF STATUTES OF LIMITATIONS, AND THE SECURITIES EXCHANGE ACT

■ It is hornbook law that state courts normally have concurrent jurisdiction with federal courts of claims arising under federal law. *Tafflin v. Levitt*, 493 U.S. 455, 458, 110 S.Ct. 792, 107 L.Ed.2d 887 (1990). However, "[t]o give federal courts exclusive jurisdiction over a federal cause of action, Congress must, in an exercise of its powers under the Supremacy Clause, affirmatively divest state courts of their presumptively concurrent jurisdiction." *Yellow Freight Sys. v. Donnelly*, 494 U.S. at 822, 110 S.Ct. 1566; *Tafflin v. Levitt*, 493 U.S. at 459–60, 110 S.Ct. 792.

Regarding the Securities Exchange Act of 1934 ("the Act"), Congress vested federal courts with exclusive jurisdiction of violations and liability claims under the Act and the rules and regulations promulgated thereunder. 15 U.S.C. § 78aa; *see also Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 380–81, 116 S.Ct. 873, 134 L.Ed.2d 6 (1996). Therefore, this section precludes state courts from entertaining claims which are based on the Securities Exchange Act or the regulations of the Securities Exchange Commission. *Brannan v. Eisenstein*, 804 F.2d 1041, 1044 (8th Cir.1986).

Another issue regarding the Securities and Exchange Act, is the limitations stat-

**2.** Best Personnel answered the complaint on September 24, 1999.

ute applicable to claims and how are they tolled. The Act establishes several limitations periods for different causes of action based upon specific clauses. *See* 15 U.S.C. §§ 77m, 78p(b), 78i(e), 78r(c). Regarding the limitation of actions brought under section 10(b) and Rule 10(b)-5, the Act is silent. Nevertheless, in *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* the Supreme Court of the United States unraveled this question. In *Lampf,* the Court established a uniform limitation period for section 10(b) and Rule 10(b)-5 actions, which were borrowed from similar sections of the Act. *See Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* 501 U.S. at 359–60, 111 S.Ct. 2773. Accordingly, the Court concluded that "[l]itigation instituted pursuant to § 10(b) and rule 10b–5 ... must be commenced within one year after the discovery of the facts constituting the violation and within three years after such violation." [3] *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* 501 U.S. at 364, 111 S.Ct. 2773.

The tolling of the above mentioned limitation period is a different question. It is well settled that federal law determines if a federally created limitation period is subject to tolling, and if so, under what circumstances. *Anixter v. Home–Stake Prod. Co.,* 977 F.2d 1549, 1551 (10th Cir.1992); *Friedman v. Wheat First Sec., Inc.,* 64 F.Supp.2d 338, 344 (S.D.N.Y.1999). One of those federal tolling principles is that "[t]he commencement of an action in a clearly inappropriate forum, a court that clearly lacks jurisdiction, will not toll the statute of limitations." *Shofer v. Hack Co.,* 970 F.2d 1316, 1319 (4th Cir.1992); *Farrell v. Automobile Club of Michigan,* 870 F.2d 1129, 1132 (6th Cir.1989) (quoting *Silverberg v. Thomson McKinnon Sec., Inc.,* 787 F.2d 1079, 1082 (6th Cir.1986)).

Another principle of the tolling of statutes of limitation is what is known as the equitable tolling doctrine. "As a general matter, the doctrine of equitable tolling is read into every federal statute of limitations...." *Miele v. Pension Plan of New York State Teamsters Conference Pension & Retirement Fund,* 72 F.Supp.2d 88, 103 (E.D.N.Y.1999); *see also Holmberg v. Armbrecht,* 327 U.S. 392, 397, 66 S.Ct. 582, 90 L.Ed. 743 (1946). The doctrine means that a tolling standard will be liberally construed if a plaintiff is blameless in his ignorance of the existence of a cause of action in his favor. *McDonald v. United States,* 843 F.2d 247, 249 (6th Cir.1988); *see also Salois v. Dime Sav. Bank of New York,* 128 F.3d 20, 25 (1st Cir.1997). However, to invoke the doctrine once the statute of limitations has run, plaintiff must show: (1) that the cause of action was discovered after the limitation period had expired, (2) that he acted diligently regarding his cause of action, and (3) that an act or fraudulent concealment defeated the discovery of his cause of action regardless of his diligence. *Corcoran v. New York Power Auth.,* 202 F.3d 530, 543 (2nd Cir.1999); *Hill v. United States Dep't of Labor,* 65 F.3d 1331, 1335 (6th Cir.1995).

## ANALYSIS

Defendant Best Personnel argues that since the fraudulent acts alleged in the complaint occurred some time after 1988, plaintiffs had one year after discovering the facts that led to the violation or three years after the violation to file suit in federal court. *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* 501 U.S. at 364, 111 S.Ct. 2773. It is defendant's position that plaintiffs knew of the facts that led to the violation at least since 1989, when they filed a state claim for the same acts in Humacao's Superior Court. [4]

---

**3.** After the *Lampf* decision, Congress enacted legislation overruling its retroactive effect. 15 U.S.C. § 78aa–1. Under such section, cases filed properly on or before June 19, 1991, the day before the *Lampf* decision, will be governed by "the limitation period provided by the laws applicable in the jurisdiction." 15 U.S.C. § 78aa–1(a).

**4.** Although defendants supplied this court with a copy of the state complaint filed by

Therefore, defendant Best Personnel seeks the dismissal of the case against it since the action is time-barred, considering the fact that the case was filed on June 24, 1999, almost ten years after plaintiffs discovered the facts that led to the alleged fraud. Moreover, defendant Best Personnel moves this court to also dismiss the actions brought against it under supplemental jurisdiction once the original claims are dismissed.

On the other hand, plaintiffs argue that the federal action is not time-barred since the limitation period was tolled by the presentation of the state fraud claim. Plaintiffs further argue that the *Lampf* case cited by defendant Best Personnel is silent regarding the tolling of the limitations period it creates, and that they have not found any "case directly on point regarding whether a complaint setting forth violations of state anti-fraud laws interrupts the statute of limitations for the purpose of a federal complaint alleging violations of Section [10(b) and Rule] 10b–5." *See* Docket No. 24 Page 3, *Memorandum of Law in Support of Opposition to Best Personnel, Inc.'s Motion to Dismiss* at 3. In support of their contention, plaintiffs cite *Yellow Freight Sys., Inc. v. Donnelly*.

■ It is undisputed that the limitation period applicable in this case is the one specified in the *Lampf* case since plaintiffs filed their federal claim well after such decision. This means that plaintiffs had to file their federal fraud claim within one year after discovery of the facts that led to the violation or three years after the violation. It is also undisputed that plaintiffs filed a state fraud claim, based on the same set of facts that led to the presentation of this federal complaint, within one year of the discovery of the actions that led to the fraud. The question is if the presentation of the state fraud claim tolled the statute of limitations for the federal fraud claim. It did not.

■ It is clear that under federal law, a federal statute of limitations is not tolled by the presentation of a federal claim in a forum that clearly lacks jurisdiction. *Shofer v. Hack Co.*, 970 F.2d at 1319; *Farrell v. Automobile Club of Michigan*, 870 F.2d at 1132. Therefore, although plaintiffs filed the state fraud claim within a year of the discovery of the facts that led to the securities violation, such action did not toll the statute of limitations for presenting their federal fraud claim in the proper forum. Humacao's Superior Court does not have jurisdiction to entertain violations of the Securities Exchange Act or of the Rules of the Securities Exchange Commission, since such task is exclusive of the federal courts.[5]

I am not persuaded by plaintiffs' reliance on *Yellow Freight Sys., Inc. v. Donnelly*. In *Yellow Freight* the Court recognized that the statute of limitations of a federal claim was tolled by the presentation of a state complaint. However, *Yellow Freight* was a civil rights case, and in that case, the Supreme Court of the United States recognized the tolling because in civil right cases state and federal courts have concurrent jurisdiction, which allows the tolling of a federal claim by a state court filing. *Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. at 820, 826, 110 S.Ct. 1566. That is not the case when federal courts have exclusive jurisdiction over a claim such as this one.

■ Plaintiffs had knowledge of the securities violations long ago, at least since 1989. There was no fraudulent concealment in part of defendant that could trigger the application of the equitable tolling doctrine, and even if there was, plaintiffs have not been diligent regarding their federal cause of action. Moreover, plaintiffs'

---

plaintiffs, this court is not considering the contents of such document in the decision.

5. I took notice of the filing of the state fraud claim, since it is a fact acknowledged by both parties. However, I did not examine the contents of such claim, since whether plaintiff included in its state claim the violations of the Securities Exchange Act, is irrelevant for the resolution of this case.

inaction regarding their federal fraud claim amounts to laches, considering that they have had knowledge of the existence of a federal cause of action in their favor since 1989 and have not been diligent in exercising it. *New Jersey v. New York,* 523 U.S. 767, 806, 118 S.Ct. 1726, 140 L.Ed.2d 993 (1998); *Kansas v. Colorado,* 514 U.S. 673, 687, 115 S.Ct. 1733, 131 L.Ed.2d 759 (1995).

### CONCLUSION

In view of the above, defendant's Best Personnel's *Motion to Dismiss and/or for Summary Judgment* is GRANTED and the case is dismissed as to Best Personnel for failure to state a claim upon which relief can be granted.

Regarding the actions brought under this court's supplemental jurisdiction, it has been widely recognized that a district court may decline to exercise supplemental jurisdiction when it dismisses all the claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); *see Mercado Garcia v. Ponce Fed. Bank, F.S.B.,* 779 F.Supp. 620, 632 (D.P.R.1991), *aff'd,* 979 F.2d 890 (1st Cir.1992). Although this issue falls within the discretion of the district court, in general, once the claims brought under the court's original jurisdiction are dismissed, all pending state claims should be declined by the federal court. *Serapion v. Martinez,* 119 F.3d 982, 993 (1st Cir.1997); *Soto Ocasio v. Federal Exp. Corp.,* 977 F.Supp. 106, 112 (D.P.R.1997). Moreover, in *United Mine Workers of America v. Gibbs,* the Supreme Court of the United States emphatically indicated that "if the federal claims are dismissed before trial, ... the state law claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Accordingly, causes of action brought under this court's supplemental jurisdiction as to Best Personnel are also DISMISSED.