Gail **LIPPARD**, Plaintiff,

v.

**UNUMPROVIDENT CORPORATION,
and formerly known as Provident
Companies, Inc., Defendant.**

**No. 1:01 CV 00943.**

United States District Court,
M.D. North Carolina.

May 1, 2003.

---

Kenneth Miles Johnson, Tuggle Duggins & Meschan, P.A., Greensboro, NC, Gene Allen Dickey, Winston–Salem, NC, for plaintiff.

Alexander L. Maultsby, Shannon Joines Adcock, Smith Moore, L.L.P., Greensboro, NC, for defendant.

## MEMORANDUM OPINION

BEATY, District Judge.

Currently before the Court is Defendant Unumprovident Corporation's ("Unumprovident"), formerly known as Provident Companies, Inc., Motion to Dismiss [Document # 3], pursuant to which Defendant seeks to have the claims asserted against it dismissed for Plaintiff's failure to state a claim upon which relief may be granted. For the reasons stated below, Unumprovident's Motion to Dismiss is DENIED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The documents available to the Court indicate that Plaintiff Gail Lippard, an employee of Burlington Industries, became a participant in Burlington Industries' disability plan before October 7, 1997, pursuant to an insurance contract for the provision of disability insurance coverage (the "Policy"). (Compl.¶ 7.) On or about October 7, 1997, Plaintiff became totally disabled and was released from her employment with Burlington Industries. (Compl.¶ 8.) Plaintiff then received a letter dated April 27, 1998, denying her disability benefits under the plan. Specifically, the letter noted "the medical documentation received does not substantiate [that Plaintiff was] disabled from [her] occupation during the entire six month Elimination Period and, in fact, although the diagnosis of epilepsy was confirmed, this is a condition for which medication is available for control of seizures." (Pl.'s Resp. to Def.'s Mot. to Dismiss, Exh. 2 at 3.) Accordingly, Defendant denied Plaintiff's claim for disability benefits. (Pl.'s Resp. to Def.'s Mot. to Dismiss, Exh. 2 at 3.) The letter also notified Plaintiff that if she disagreed with Defendant's determination, then she could submit a written request for reconsideration, accompanied by documentation to Ms. Tammi Burton, the Benefits Administrator at Burlington Industries, Inc. (Pl.'s Resp. to Def.'s Mot. to Dismiss, Exh. 2 at 3.)

In response, Plaintiff, through counsel, notified Defendant of her intent to appeal the denial of her benefits in a letter dated June 19, 1998. (Br. in Supp. of Def.'s Mot. to Dismiss, Exh. A.) Plaintiff provided additional medical records under separate cover. On September 16, 1998, Plaintiff received a letter from a Senior Disability Claim Specialist in which Defendant rejected Plaintiff's appeal and again denied long term disability benefits to Plaintiff. (Compl.¶ 11.)

Plaintiff filed the instant action on September 7, 2001, in the North Carolina General Court of Justice, Superior Court Division, against Burlington Industries, Inc., Burlington Industries I, LLC., Burlington Industries II, LLC., Burlington Industries III, LLC., (collectively "the Burlington Defendants")[1], and Defendant Unumprovi-

---

1. The Burlington Defendants were terminated administratively from this action pursuant to an order dated January 23, 2002, because they filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101–1330. In accordance with the automatic stay imposed by 11 U.S.C. § 362, the Burlington Defendants can not be prosecuted in any cause of action that arose prior to November 15, 2001, the petition date

dent, formerly known as Provident Companies, Inc. (Notice of Removal ¶ 1.) Plaintiff alleges that Defendant knowingly and misleadingly wrote a policy of insurance so as to make payment of disability benefits thereunder extremely unlikely. (Compl.¶¶ 23–25.) Specifically, Plaintiff alleges that Defendant has willfully refused to pay her benefits due under its disability plan in violation of its contractual obligations, and that the Burlington Defendants miscategorized her termination as "voluntary or for cause." (Compl.¶¶ 36–41.) Plaintiff also makes claims for estoppel and detrimental reliance, and unfair and deceptive trade practices resulting from the denial of disability benefits to Plaintiff. (Compl.¶¶ 14–15.) Specifically, Plaintiff requests compensatory damages, treble damages pursuant to N.C. Gen.Stat. § 75–16 for unfair and deceptive trade practices, costs and attorneys' fees.

On October 12, 2001, Defendant, along with the Burlington Defendants, removed the action to this Court based solely on assertions of federal question jurisdiction under 28 U.S.C. § 1331, on the grounds that Plaintiff's claims arise under the provisions of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq., specifically 29 U.S.C. § 1132(e)(1). (Notice of Removal ¶ 3.) Defendant, on October 19, 2001, filed a Motion to Dismiss [Document # 3] pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiff failed to state a claim upon which relief could be granted, and that Plaintiff's claims are both preempted by ERISA and untimely. The Court will address these arguments in turn.

## II. DISCUSSION

### A. Motion to Dismiss Standard

As previously noted, Defendant has asserted a Motion to Dismiss for failure to state a claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. With respect to such motions, dismissals are allowed only in very limited circumstances. *Rogers v. Jefferson–Pilot Life Ins. Co.*, 883 F.2d 324, 325 (4th Cir.1989). A court should not dismiss a complaint, or any particular allegation contained therein, "unless it appears certain that the plaintiff can prove no set of facts which would support [his] claim and would entitle [him] to relief." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). In making this determination, a court must view the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations. *Randall v. United States*, 30 F.3d 518, 522 (4th Cir.1994).

### B. Defendant's Motion to Dismiss

With respect to its Motion to Dismiss, Defendant argues that all of Plaintiff's claims against it should be dismissed. Defendant bases its Motion on three arguments: (1) Plaintiff failed to state a breach of contract claim against the Burlington Defendants[2]; (2) ERISA preempts all of

---

of the Burlington Defendants. However, any party may reopen the case against the Burlington Defendants at any time prior to the ninetieth (90th) day after the final termination of the bankruptcy proceedings. Consequently, as used herein, "Defendant" refers solely to Unumprovident.

2. Defendant focuses its argument that Plaintiff's Fourth Count in her Complaint did not state a breach of contract claim specifically upon Plaintiff's lack of a contract with the Burlington Defendants. Defendant argues that in a breach of contract action, "the complaint must allege the existence of a contract between plaintiff and defendant, the specific provisions breached, the facts constituting the breach, and the amount of damages resulting to plaintiff from such breach." *Cantrell v. Woodhill Enters., Inc.*, 273 N.C. 490, 497, 160

Plaintiff's state law claims; and, (3) Plaintiff's ERISA and breach of contract claims are barred by the statute of limitations. In response, Plaintiff contends that her breach of contract claim is simply recast as an ERISA claim for benefits, and that the statute of limitations does not bar her breach of contract or ERISA claims. The Court will examine these two arguments in turn.

### (1) ERISA Preemption of Plaintiff's State Law Claims

Defendant contends that Plaintiff's Complaint should be dismissed because Plaintiff's state law claims are preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, and Plaintiff does not state a cause of action based on ERISA in her Complaint. In response, Plaintiff notes that Defendant, it its Notice of Removal, asserted that Plaintiff's cause of action arises under the provisions of ERISA. Plaintiff asserts that now Defendant should not be able to argue that because Plaintiff's Complaint does not assert a claim under ERISA, it should be dismissed. Instead, Plaintiff maintains that the Court should either recast her claims as ERISA causes of action or permit her to file an amended complaint.

■ ERISA was enacted to protect the interests of participants in employee benefit plans and their beneficiaries by, among other things, "establishing standards of conduct, responsibility, and obligation for fiduciaries of employment benefit plans, and by providing for appropriate remedies, sanctions, and ready access to the Federal courts." 29 U.S.C. § 1001(b). Its regulation "extends to [plans] that provide 'medical, surgical, or hospital care or benefits' for plan participants or their beneficiaries 'through the purchase of insurance or otherwise.'" *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 650–51, 115 S.Ct. 1671, 1674, 131 L.Ed.2d 695 (1995) (quoting ERISA § 3(1), 29 U.S.C. § 1002(1)). Recognizing "the reservation to Federal authority [of] the sole power to regulate the field of employee benefit plans as ERISA's crowning achievement," the legislation's sponsors "emphasized both the breadth and importance of the preemption provisions" to "establish pension plan regulation as exclusively a federal concern." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 46, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (1987) (internal quotation marks and citations omitted). Thus, § 514(a) of ERISA provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter re-

S.E.2d 476, 481 (1968) (citations omitted). Defendant contends that Plaintiff has not alleged the existence of any contract between herself and the Burlington Defendants. Moreover, in her Response to Defendant's Motion to Dismiss, Plaintiff does not challenge Defendant's assertions. Indeed, the only contract to which Plaintiff's Complaint refers is Plaintiff's contract for disability coverage with Defendant. Accordingly, because Plaintiff's Complaint does not allege the existence of a contract between the Burlington Defendants and Plaintiff, the Complaint cannot allege the specific provisions breached by the Burlington Defendants nor the facts constituting the breach. Nevertheless, as already

noted, the Burlington Defendants, pursuant to an order dated January 23, 2002, are no longer parties in the instant action. Consequently, the Court finds that further discussion of this argument is moot as some of the parties to whom it relates are no longer involved in the instant matter. The court notes, however, that Plaintiff's First Count in her Complaint alleges that Defendant breached a contract when Defendant refused to pay Plaintiff pursuant to the insurance contract for the provision of disability insurance. This claim is not related to the Burlington Defendants, and remains a viable claim for purposes of Defendant's instant Motion.

late to any employee benefit plan." 29 U.S.C. § 1144(a). This "broad" and "expansive" preemption clause, *Pilot Life*, 481 U.S. at 47, 107 S.Ct. at 1553, thus provides a federal law defense to all common-law causes of action that "relate to" an employee benefit plan, unless ERISA expressly excepts the cause of action from ERISA's preemption provision. *Id.* at 48, 107 S.Ct. at 1553.

In order for preemption to apply, Plaintiff's claims must relate to an ERISA plan. *Shaw v. Delta Air Lines*, 463 U.S. 85, 96, 103 S.Ct. 2890, 2899, 77 L.Ed.2d 490 (1983). Specifically, Plaintiff asserts three state law causes of action against Defendant. First, Plaintiff alleges a breach of contract claim asserting that she was denied benefits under her Policy. Second, Plaintiff, relying on an estoppel and detrimental reliance claim, alleges that Defendant intentionally wrote the Policy to provide illusory protection by setting the conditions to the payment of disability benefits, and limits of the Policy at a level "which would ensure that [it] would not have to pay in the event of disability of the plaintiff." (Compl.¶ 23.) Finally, Plaintiff asserts that Defendant committed an unfair and deceptive trade practice when it refused to pay her disability benefits. Moreover, in the instant matter, Defendant's long-term disability plan is clearly an ERISA plan. 29 U.S.C. § 1002(1) (ERISA comprehensively regulates employee welfare benefits plans that "through the purchase of insurance or otherwise" provide "medical, surgical, or hospital care, or benefits in the event of sickness, accident, disability, or death."); *Pilot Life*, 481 U.S. at 47, 107 S.Ct. at 1553 (noting that plaintiff's claims related to long term disability insurance were intended to fall within ERISA's purview). The Court must determine which, if any, of these state law claims are preempted by ERISA because the claims relate to an employee benefit plan.

■ As noted above, ERISA's express preemption provision, § 514, states that ERISA supersedes all state laws insofar as they "relate to" an ERISA plan. The Supreme Court has recognized that an expansive interpretation of the phrase "relate to" would mean that "for all practical purposes pre-emption would never run its course." *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 655, 115 S.Ct. 1671, 1677, 131 L.Ed.2d 695 (1995). Thus, as the Court put it, "[w]e simply must go beyond the unhelpful text and the frustrating difficulty of defining its key term, and look instead to the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive." *Id.* at 656, 115 S.Ct. at 1677. An examination of these objectives led the Court to explain that "[t]he basic thrust of [ERISA's] preemption clause ... was to avoid a multiplicity of regulation in order to permit the nationally uniform administration of employee benefit plans." *Id.* at 657, 115 S.Ct. at 1677–78. ERISA was intended to " 'protect ... the interests of participants in employee benefit plans and their beneficiaries, ... by establishing standards of conduct, responsibility, and obligation for fiduciaries ... and by providing for appropriate remedies, sanctions, and ready access to the Federal courts.' " *Coyne & Delany Co. v. Selman*, 98 F.3d 1457, 1470 (4th Cir.1996) (quoting 29 U.S.C. § 1001(b)) (first alteration omitted). In light of these ERISA objectives, the Supreme Court has explained that Congress intended to preempt at least three categories of state law under § 514:(1) laws that mandate employee benefit structures or their administration, (2) laws that bind employers or plan administrators to particular choices or preclude uniform ad-

ministrative practices, and (3) laws that provide alternative enforcement mechanisms to ERISA's civil enforcement provisions. *Travelers*, 514 U.S. at 658–59, 115 S.Ct. at 1678; *see also Coyne & Delany*, 98 F.3d at 1468. These three preemption categories are thus a guide for determining whether a particular state law relates to an ERISA plan.

■■■■ In this case, none of the state laws under which Plaintiff claims relief were specifically promulgated to govern employee benefit plans. Nevertheless, state law claims which relate to the administration of an ERISA-governed plan, but which arise under general state laws which themselves have no impact on employee benefit plans, are within the scope of ERISA preemption. *Powell v. Chesapeake and Potomac Tel. Co. of Va.*, 780 F.2d 419, 421 (4th Cir.1985). The Fourth Circuit has held that given the "unparalleled breadth" of the preemption clause, *Holland v. Burlington Industries, Inc.*, 772 F.2d 1140, 1147 (4th Cir.1985), and the broad remedial policy of ERISA, "state laws", insofar as they are invoked by beneficiaries claiming relief for injuries arising out of the administration of employee benefit plans, "relate to" such plans, and absent an applicable exemption, are also preempted by ERISA. *Id.* To the extent that ERISA redresses the mishandling of benefit claims or other misadministration of employee benefit plans, it also preempts analogous causes of action, whatever their form or label under state law. *See Dependahl v. Falstaff Brewing Corp.*, 653 F.2d 1208, 1215–16 (8th Cir.1981) ("If Congress has already provided a remedy [under ERISA], ... the state law is preempted,

regardless of whether or not a conflict exists which involves a direct interference by the state law with [ERISA]."). Accordingly, because Plaintiff's claims for breach of contract, detrimental reliance and estoppel, and unfair and deceptive trade practices relate to the administration of her Policy, all three state law claims are preempted by ERISA because they relate to an employee benefit plan.

■■■■ Once a court finds that a plaintiff's state law claim is preempted by ERISA, the court must determine whether the preempted state-law claims fall within the scope of the exclusive civil enforcement mechanism provided by § 502(a) of ERISA, 29 U.S.C. § 1132(a), in which case they must be treated as federal causes of action under § 502(a). Otherwise, the state law claims are simply preempted from prosecution in federal court. Section 502(a) authorizes participants or beneficiaries to file civil actions to, among other things, recover benefits, enforce rights conferred by an ERISA plan, remedy breaches of fiduciary duty, clarify rights to benefits, and enjoin violations of ERISA.[3] Thus, if a state-law claim preempted by § 514 is not included within the scope of § 502(a), the claim is susceptible to a § 514 defense, whether it is brought in state or federal court. But if a state-law claim falls within the scope of § 502(a), it is "completely preempted" and therefore treated as a federal cause of action. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66–67, 107 S.Ct. 1542, 1548, 95 L.Ed.2d 55 (1987).

Stated otherwise, under the scheme established by Congress, ERISA § 514

---

**3.** Section 502(a) of ERISA provides that:

　(a) Persons empowered to bring a civil action—

　　A civil action may be brought—

　　(1) by a participant or beneficiary—

　　　(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan ....

　29　U.S.C. § 1132(a)(1)(B).

preempts claims relating to employee benefit plans regulated by ERISA that are not otherwise subject to ERISA's saving clause and limits civil enforcement to claims provided for in § 502(a). Any claim falling outside the scope of § 502(a) is preempted and must be dismissed, and any claim falling within the scope of § 502(a) becomes exclusively a federal cause of action. Thus, preemption under § 514 precludes prosecution of the preempted state-law claim, but "complete preemption" under § 502 exists when the preempted state-law claim falls within the scope of the exclusive civil enforcement mechanism of § 502, in which case the state-law claim is converted into a federal cause of action removable to federal court. *Metropolitan Life,* 481 U.S. at 66–67, 107 S.Ct. at 1548; *see also In re U.S. Healthcare, Inc.,* 193 F.3d 151, 160 (3d Cir.1999) ("It is important to distinguish complete preemption under § 502(a) of ERISA, which is used in this sense as a jurisdictional concept, from express preemption under § 514(a) of ERISA, which is a substantive concept governing the applicable law."); *Warner v. Ford Motor Co.,* 46 F.3d 531, 535 (6th Cir.1995) ("Removal and preemption are two distinct concepts.").

■ Because a state-law claim that is completely preempted under § 502(a) becomes a federal cause of action, it may be removed to federal court under 28 U.S.C. §§ 1331 and 1441 even if it is pleaded only as a state-law claim. As the Supreme Court explained in *Metropolitan Life:*

> Federal pre-emption is ordinarily a federal defense to the plaintiff's suit. As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to a federal court. *Gully v. First National Bank,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). One corollary of the well-pleaded complaint rule developed in

the case law, however, is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims [within the scope of § 502(a) ] is necessarily federal in character.

481 U.S. at 63–64, 107 S.Ct. at 1546–47. Accordingly, the question presented in this case is whether Plaintiff's claims against Defendant fall within the scope of § 502(a) so as to be completely preempted. If they do, then her claims are properly treated as federal causes of action and their removal to federal court was appropriate. On the other hand, if they did not fall within the scope of § 502(a), then their remand to state court would be required, even though § 514 might provide Defendant with a defense in state court.

■ Claims challenging the administration of an employee welfare benefit plan fall squarely within the scope of § 502(a) of ERISA. *Marks v. Watters,* 322 F.3d 316, 326 (4th Cir.2003). Such claims include allegations that a plan benefit was denied based on noncompliance with the terms of a plan or allegations that an ERISA fiduciary breached a duty to a plaintiff by improperly denying a benefit based solely on financial motivations. *Id.* The core allegation underlying a § 502(a) claim is that a plan participant or beneficiary was denied a benefit to which the participant or beneficiary was entitled under an ERISA plan or that the manner of administering the benefits caused the participants or beneficiaries some injury. These are precisely the types of claims that Plaintiff is making against Defendant. In particular, Plaintiff's breach of contract, detrimental reliance and estoppel, and unfair and deceptive trade practices claims are all based upon Defendant's denial of benefits to which Plaintiff alleges she is entitled. Specifically, Plaintiff bases her breach of contract claim upon the "illusory

protection" of the Policy and Defendant's "numerous, onerous condition to payment . . . [which] insure that [Defendant] would not have to pay even in the event of disability." (Compl.¶ 20.) Moreover, Plaintiff's estoppel and detrimental reliance claim asserts that Defendant knew when it issued her the Policy that it would be unlikely that she would be able to recover under it, and she relied on Defendant's expertise. (Compl.¶ 25.) Finally, Plaintiff's unfair and deceptive trade practices claim alleges that Defendant has engaged in the practice of denying disability claims with such frequency that it has committed unfair and deceptive trade practices. (Compl.¶ 32.) Accordingly, because Plaintiff's claims are alternative enforcement mechanisms to § 502 of ERISA, they are completely preempted, that is, they are transformed into a federal claim. "[W]hen a claim under state law is completely preempted and is removed to federal court because it falls within the scope of § 502, the federal court should not dismiss the claim as preempted, but should treat it as a federal claim under § 502. What was a state claim for breach of contract becomes a federal claim for the enforcement of contractual rights under § 502(a)(1)(B)." *Darcangelo v. Verizon Communications, Inc.*, 292 F.3d 181, 195 (4th Cir.2002).

In sum, because Plaintiff's state law claims in her Complaint are converted into a federal claim for benefits under § 502(a) of ERISA, Plaintiff has stated a cause of action under ERISA upon which relief can be granted. Consequently, Defendant's Motion to Dismiss is DENIED.

(2) Statutes of Limitations

Defendant also contends that Plaintiff's Complaint should be dismissed because all of Plaintiff's claims are barred by the applicable statutes of limitations. Defendant notes that if the Court reads a Section 502(a)(1)(B) ERISA claim into Plaintiff's Complaint based upon her contract claim, then Plaintiff's claim is barred by the relevant statute of limitations.[4] Notably, ERISA does not articulate an explicit limitations period in which a plaintiff may bring a claim, except in an action for breach of fiduciary duty. *Shofer v. Hack Co.*, 970 F.2d 1316, 1319 (4th Cir. 1992). Therefore, the Court must look to state law and apply the most analogous limitation provision to determine the applicable statute of limitations. *Dameron v. Sinai Hosp., of Baltimore, Inc.*, 815 F.2d 975, 981 (4th Cir.1987). The Fourth Circuit has noted that benefit claims cases which do not allege a breach of fiduciary duty are analogous to claims for either negligence or breach of contract. *Shofer,* 970 F.2d at 1319. Accordingly, the Court will apply the three-year statute of limitations for ordinary civil actions under North Carolina law. N.C. Gen.Stat. § 1–52; *Harrold v. Dowd,* 149 N.C.App. 777, 781, 561 S.E.2d 914, 917 (N.C.App.2002).

An ERISA cause of action based on the denial of benefits accrues at the time benefits are denied. *McWilliams v. Metro. Life Ins. Co.*, No. 98–1732, 1999 WL 64275, at *2 (4th Cir. February 11, 1999). The parties dispute on what date Plaintiff was denied benefits for the purpose of determining when her cause of

---

4. Defendant also argues that Plaintiff's claims, if the Court finds that they are not preempted by ERISA, are barred by the applicable statute of limitations as a matter of state law. Because the Court finds that Plaintiff's claims are preempted by ERISA, it need not address Defendant's argument relating to the statute of limitations for claims under state law. However, it notes that the three-year statute of limitations the Court relies upon would also apply to Plaintiff's breach of contract and estoppel and detrimental reliance claims under state law.

action accrued. Plaintiff alleges that she was denied benefits under the Policy following the termination of her employment on October 7, 1997. After she learned of her denial, on June 19, 1998, Plaintiff sent a letter to the benefits administrator of her employer protesting her denial. Defendant contends that Plaintiff had notice that her claim had been denied by June 19, 1998, and asserts that Plaintiff's Complaint, filed on September 7, 2001, is barred by the three-year statute of limitations. Plaintiff, in response, contends that her claim for benefits did not accrue until she exhausted her administrative remedies, which occurred when she received a letter denying her appeal for benefits dated September 16, 1998.

ERISA itself does not contain a provision that requires administrative exhaustion by a claimant. Nevertheless, courts have uniformly required that Plaintiffs exhaust their administrative remedies because of the legislative history and textual provisions of ERISA. In *Makar v. Health Care Corp. of Mid–Atlantic (Carefirst)*, the Fourth Circuit read an exhaustion requirement into ERISA and noted that "[t]his exhaustion requirement rests upon the Act's text and structure as well as the strong federal interest encouraging private resolution of ERISA disputes." 872 F.2d 80, 82 (4th Cir.1989). Specifically, the Fourth Circuit has ruled that the statute of limitations does not begin to toll until there has been a formal and final denial of a benefits claim. *Rodriguez v. MEBA Pension Trust*, 872 F.2d 69 (4th Cir.1989) (finding that the statute of limitations began to run when the plaintiff's appeal was formally denied). Because Plaintiff exhausted her administrative remedies when her appeal was denied by Defendant on September 16, 1998, Plaintiff then had three years in which to bring her claim for benefits. Accordingly, Plaintiff, who brought her suit on September 7, 2001, filed her suit within the applicable statute of limitations under North Carolina law. Consequently, Defendant's Motion to Dismiss is DENIED.

## C. CONCLUSION

Because the Court recasts Plaintiff's state law claims for breach of contract, detrimental reliance and estoppel, and unfair and deceptive trade practices as an ERISA claim under § 502(a), the Court finds that Plaintiff has stated claims upon which relief can be granted. Moreover, Plaintiff's claims are not barred by the North Carolina statutes of limitations. For the forgoing reasons, Defendant's Motion to Dismiss [Document # 3] for failure to state a claim upon which relief may be granted is hereby DENIED.

An Order consistent with this Memorandum Opinion will be filed contemporaneously herewith.