William L. TRACE, Plaintiff,

v.

**RETIREMENT PLAN FOR THE SALARIED EMPLOYEES OF MERCK & CO., INC., et al., Defendants.**

**No. 3:05 CV 415.**

United States District Court,
E.D. Virginia,
Richmond Division.

Jan. 27, 2006.

Patrick R. Laden, Esquire, Richmond, VA, for Plaintiff William L. Trace.

Eric W. Schwartz, Esquire, Troutman Sanders LLP, Virginia Beach, VA, for Defendants Retirement Plan for the Salaried Employees of Merck & Co., Inc., The Employee Benefits Committee, John Doe, and Jane Roe.

## MEMORANDUM OPINION

### (Granting Defendants' Motion for Summary Judgment and Denying Plaintiff's Motion for Summary Judgment)

HUDSON, District Judge.

This two (2) count complaint filed under ERISA Section 502(a)(3) is before the Court on cross-motions for summary judgment. Both parties have filed memoranda of law supporting their respective positions. Since this Court need not reach the merits of Plaintiff's claim, it will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid in the decisional process.

Although the central issue in this case is whether the Retirement Plan for the Salaried Employees of Merck & Co., Inc., and the associate defendants, breached their fiduciary duty to the plaintiff by miscalculating his retirement benefits, the initial, and more problematic question, is whether this action was timely filed.

## I. Background

None of the critical facts are in dispute. The plaintiff was employed by Merck & Co., Inc. as an Account Manager in the Water Management Division. Consequently, he was a participant in the Defendant Retirement Plan for the Salaried Employees of Merck & Co., Inc. ("the Plan"), a pension benefit plan regulated by ERISA. On November 8, 1994, Plaintiff's employment was involuntarily terminated due to a restructuring of the company.

Several years later, in contemplation of retirement, Plaintiff requested a projected estimate of his accrued pension benefits. This inquiry was made sometime in February of 1997. The Plan responded by letter on April 16, 1997, with a projected estimate of his benefits based on an early retirement date of April 1, 1998. In January of 1998, Plaintiff again requested a projected assessment of his benefits assuming an April 1, 1998, retirement. By letter dated February 25, 1998, the Plan estimated the plaintiff would be entitled to a lump sum pension payment of $386,925.69. In reliance on this estimate, Plaintiff submitted a Retirement Election Form on March 17, 1998, electing early retirement effective April 1, 1998. The form included a request for a lump sum distribution of his pension benefits.

Plaintiff received his lump sum distribution on May 1, 1998. The check was drawn in the amount of $299,405.38. Plaintiff immediately inquired about the difference between the projected estimate and the amount that he actually received. The Plan responded by letter on June 30, 1998, that their prior projected estimate of benefits was incorrect. The projection was predicated on the assumption that Plaintiff was eligible for unreduced retirement benefits, based on a combination of age and credited service.

Under the terms of the Plan, a participant was eligible for unreduced retirement benefits if their age and years of credited service equal 85 ("the Rule of 85"). However, the Plaintiff and the Plan construe the application of the Rule of 85 differently. Plaintiff was, and still is, of the opinion that the age component of the equation refers to the participant's age at the time he or she applies for retirement, irrespective of their age at the time they cease employment with Merck. In Plaintiff's view, a participant, such as himself, can

leave employment with Merck before satisfying the Rule of 85, and "grow" into unreduced pension benefits simply with the passage of time, post separation from service. The Plan adopts the more logical construction consistent with the plain language of Schedule N of the Plan, that the requirements of the Rule of 85 must be fulfilled while actually employed.

The Plan's response of June 30, 1998, to Plaintiff's inquiry of May, 1998, explained in detail the basis for the prior miscalculation and the resulting payment discrepancy. On July 8, 1998, Plaintiff conveyed a facsimile to Merck which advised that he had detrimentally relied on the incorrect estimate of benefits, and requested a review of his pension entitlement. Plaintiff apparently received no response. Five years later, on November 10, 2003, Plaintiff again by letter requested a review and recalculation of his pension benefits. The Plan's Director of Benefit Services replied by letter on December 15, 2003. The Director reiterated that the Plaintiff did not meet the eligibility requirements of Rule of 85 and consequently was not entitled to unreduced pension benefits. Plaintiff's request for remedial recalculation was denied.

Unpersuaded, Plaintiff submitted another request for recalculation of pension benefits on January 15, 2004, and filed "an official appeal" on January 29, 2004. On May 7, 2004, the Employee Benefits Committee notified the Plaintiff that because his employment "ended before your age and credited service totaled 85, you are not eligible for unreduced retirement benefits." The Committee further found that Plaintiff had received all the benefits to which he was entitled. The appeal was denied. Plaintiff's subsequent requests for reconsideration were also denied. By letter dated October 15, 2004, Plaintiff's counsel was notified by the Committee that the matter was closed because Plaintiff had exhausted his administrative remedies. The immediate lawsuit was filed on June 10, 2005.

## II. Discussion

■ Among the grounds advanced by the Defendant for summary judgment is Plaintiff's delinquency in filing suit. The Defendants point out that Plaintiff's claim for breach of fiduciary duty is predicated on the Plan's failure to correct the inaccurate pension benefit projections prior to the finalization of his retirement application. The Defendants argue that a cause of action under ERISA arose on June of 1998 when Plaintiff was notified that the benefit projections provided on April 16, 1997, and February 25, 1998, incorrectly assumed his eligibility under the Rule of 85 for unreduced benefits. Plaintiff contends that he did not have actual knowledge of Defendants' breach of fiduciary duties until the administrative appeals process was exhausted in May, 2004.

■ . For claims alleging a breach of fiduciary duty, ERISA provides a three-year statute of limitations. *See* 29 U.S.C. § 1113(a)(2). The pivotal issue is when the cause of action accrued in this case. In *Shofer v. Stuart Hack Co.*, 970 F.2d 1316, 1318 (4th Cir.1992), the Court noted, "The ERISA statute of limitations begins to run when a plaintiff has knowledge of the alleged breach of responsibility, duty, or obligation by a fiduciary." The relevant knowledge "for triggering the statute of limitations is knowledge of the facts or transaction that constituted the alleged violation. Consequently, it is not necessary for a potential plaintiff to have actual knowledge of every last detail of a transaction ...." *Martin v. Consultants & Administrators, Inc.*, 966 F.2d 1078, 1086

(7th Cir.1992); *see also Brock v. Nellis,* 809 F.2d 753, 755 (11th Cir.1987).[1]

Clearly, under any reasonable application of the term "actual knowledge," Plaintiff was aware of the "facts or transaction that constituted the alleged violation" in June of 1998. All subsequent communications from the Defendants restated the same explanation for the denial of Plaintiff's demand for recalculated benefits. Plaintiff learned nothing in May of 2004 that had not been explained in detail in June of 1998.

### III. Conclusion

The Court is therefore of the opinion that the Plaintiff's claims are time barred. The Defendants' Motion for Summary Judgment is granted.

An appropriate Order will accompany this Memorandum Opinion.

### *ORDER*

**(Granting Defendants' Motion for Summary Judgment and Denying Plaintiff's Motion for Summary Judgment)**

THIS MATTER is before the Court on cross-motions for summary judgment. For the reasons stated in the accompanying Memorandum Opinion, Defendants' Motion for Summary Judgment is GRANTED. The Plaintiff's Motion for Summary Judgment is DENIED.

The Clerk is directed to send a copy of this Order to all counsel of record.

It is SO ORDERED.

---

1. The six-year statute of limitations under 29 U.S.C. § 1113 is applied when there is "constructive knowledge" of a breach or violation. Both sides argue that the actual knowledge statute governs this case.